EX PARTE CHARLES BELL.

No. 26,367. April 1, 1953.

*Dudley Lawson,* Alto, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

By writ of habeas corpus direct to this court, relator seeks his discharge from the state penitentiary.

In July, 1941, relator was convicted of a felony in the criminal district court of Brazoria County and his punishment assessed at two years in the penitentiary.

In March, 1942, relator was convicted in the criminal district court of Harris County of the felony offense of "attempted burglary," with sentence imposed for a term of not less than two nor more than five years in the penitentiary, to run cumulative with the sentence of two years in Brazoria County.

It will be noted that the punishment of five years as fixed in the attempted burglary case was not authorized, because the punishment affixed to that offense (Art. 1402, Vernon's P. C) is confinement in the penitentiary for not less than two nor more than four years.

In Ex parte Castleberry, 152 Tex. Cr. R. 503, 216 S. W. 2d 584, the rule is announced that one confined in the penitentiary under a sentence the maximum of which is not authorized by law is entitled to his discharge from such unauthorized maximum sentence. See, also, Ex parte Woods, 153 Tex. Cr. R. 420, 220 S. W. 2d 889.

Giving effect here to the rule stated, relator's sentence for attempted burglary is to be treated as a term of two years in the penitentiary.

In December, 1943, relator was convicted in Criminal District Court No. 2 of Harris County for the offense of robbery

by assault, with punishment assessed at five years in the penitentiary, which was made cumulative of his conviction for attempted burglary.

Relator was also convicted in the district court of Jackson County, but, inasmuch as that sentence of three years ran concurrent with the five-year sentence for robbery by assault, such is not here material.

The penitentiary authorities consider the maximum sentence imposed by the convictions mentioned as twelve years and that, inasmuch as such maximum sentence has not been served by relator, he is therefore not now entitled to his discharge.

The punishment in the attempted burglary case being reduced, as we have heretofore pointed out, to two years, the maximum confinement authorized under all the convictions is nine years in the penitentiary.

The certificate of the penitentiary authorities now before us shows that relator has served the nine-year sentence imposed under the convictions.

Being therefore entitled to be discharged from further custody under the judgments heretofore mentioned, relator is accordingly ordered discharged from custody.

Opinion approved by the court.