# Ex Parte O. D. Pruitt.

No. 20901. Delivered April 24, 1940.
Rehearing Denied June 12, 1940.

The opinion states the case.

*W. W. Ballard,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Relator presented to this Court his application for an original writ of habeas corpus seeking relief against a judgment of conviction with an assessed punishment of life in the penitentiary. The writ was not issued, but the application therefor was set down for hearing.

Attached to relator's application are the indictment, judgment and sentence in a case from Swisher County. The indictment charged relator with the offense of burglary alleged to have been committed on January 3, 1937. The State, seeking to invoke the punishment provided under the habitual criminal statute (Art. 63 P. C. 1925) further alleged that relator had theretofore been convicted seven times of the offense of burglary; the indictment disclosing that said seven convictions occurred on the same day; to-wit, March 18, 1929. The judgment reveals that the jury found relator guilty of the burglary charged to have been committed on January 3d, 1937, and also that relator had therefore been convicted of the other offenses as alleged, and that the judgments in said prior convictions became final prior to January 3, 1937, whereupon the trial judge fixed the punishment at confinement in the penitentiary for life, under said Art. 63 P. C., and entered judgment so reflecting, and on March 24, 1937 pronounced sentence in accordance with the judgment. No appeal was prosecuted from said conviction, therefore, if any error was committed by the trial court relator did not avail himself of his statutory remedy to have his case reviewed by this Court and the error corrected. He seeks now by a habeas corpus proceeding to have this done, taking the position that the judgment entered by the trial court

was *void,* because a punishment was assessed not authorized by the averments in the indictment; in other words, that under said averments an excessive punishment was assessed against him by the court.

If relator is seeking to challenge the sufficiency of the indictment in a habeas corpus proceeding he is met by many authorities of our own Court holding that an indictment may not ordinarily be thus assailed. See Ex parte Seymour, 137 Texas Cr. R. 103, 128 S. W. (2d) 46; Ex parte Long, 135 Texas Cr. R. 520, 120 S. W. (2d) 1066; Ex parte Johnson, 131 Texas Cr. R. 438, 99 S. W. (2d) 598; Ex parte Helton, 128 Texas Cr. R. 112, 79 S. W. (2d) 139. However, we do not understand that relator is contending that the indictment fails to charge an offense, but only that the averments as to prior convictions do not charge successive *commissions* and successive *convictions* as required by law before the habitual criminal statute (Art. 63 P. C.) applies. In this contention we think relator is correct. In Nunn v. State, 133 Texas Cr. R. 266, 110 S. W. (2d) 71, it was specifically held that previous convictions occurring on the same day did not authorize the enhanced penalty of life imprisonment as for a third offense. The only difference between that case and the present one is that in Nunn's case two previous convictions on the same day were alleged, and in the instant case seven previous convictions on the same day was alleged. See also Ellis v. State, 134 Texas Cr. R. 346, 115 S. W. (2d) 661; Arbuckle v. State, 132 Texas Cr. R. 371, 105 S. W. (2d) 219; Moss v. State, 134 Texas Cr. R. 240, 115 S. W. 408; Childress v. State, 134 Texas Cr. R. 504, 116 S. W. (2d) 396. It will be found that in the opinions in the Moss and Childress cases indictments are set out which were deemed to adequately aver successive *commissions* and *convictions* of prior offenses.

Conceding that the trial judge committed an error in assessing the punishment of life imprisonment, this Court has no power in a habeas corpus proceeding to correct the judgment or to reverse for said error as it would if the case were before us for review on appeal. The general rule is stated in 76 American Law Report, at page 469, as follows: "The majority of decisions, and especially those more in consonance with reason and justice, are averse to the discharge of criminals who have been duly convicted, when the application for their release is by petition for habeas corpus based on some error, omission, or mistake in the judgment or sentence which might have been cured or corrected by writ of error or appeal. 12 R. C. L. 1207. Accordingly, it seems well settled that, when the court has

jurisdiction of the person and the subject-matter, and the punishment is of the character prescribed by law, habeas corpus will not lie for the release of a prisoner because of mere errors, irregularities, and defects in the sentence which do not render it void." Many authorities are cited supporting the text, from the Supreme Court of the United States, and from various state courts.

This Court seems without power to correct the error in habeas corpus proceeding, and the trial court is equally without authority to correct the judgment at a subsequent term of said court, because the error was not a mistake in entering on the minutes of the court a judgment not in fact rendered. The judgment speaks the truth as to the punishment actually assessed against relator by the court. The mistake was one of law,—a judicial error—and not one of fact. This being true the trial court is without power to correct the error after the term of court adjourned at which the judgment was entered. See Texas Jur., Vol. 25, p. 521, Sec. 128; Reeves v. State, 109 Texas Cr. R. 289, 4 S. W. (2d) 49; Silver v. State, 110 Texas Cr. R. 512, 9 S. W. (2d) 358.

As we understand it relator's position is that the averments in the indictment were sufficient to bring his case under the provision of Art. 62 P. C., which provides as follows: "If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offense in ordinary cases."

In other words, relator admits that the trial court could properly have fixed his punishment at 12 years in the penitentiary, but all punishment in excess of that was beyond the court's power under the allegations in the indictment.

Relator may bring himself within the rule announced in 76 A. L. R. at page 476, as follows: "In the case of a sentence which is merely excessive it seems to be well settled, with the exception of a few early cases, that, if the court had jurisdiction of the person and subject-matter of the offense, such sentence is not void ab initio because of the excess, but that it is good so far as the power of the court extends, and is invalid only as to the excess, and therefore a person in custody under such sentence cannot be discharged on habeas corpus until he has suffered or performed so much of it as it was within the power of the court to impose. In addition to a few other cases

set out in the annotation which apparently support this rule, the following show that the rule is well settled."

Here follows citation of many cases from the Federal courts, and also from thirty-seven state appellate courts, among them being Ex parte Ellerd, 71 Texas Cr. R. 285, 158, S. W. 1145.

Relator having failed to pursue his statutory remedy by appeal, and this Court being without authority to revise the judgment in this habeas corpus proceeding, and the trial court being without authority to change the judgment after the adjournment of the trial term, it would appear that relator is without any remedy unless he may invoke the rule last announced.

It will be remembered that the case now before us presents one of the few instances, if not the only one, where the punishment is absolutely fixed by the law and may, therefore, be assessed by the trial judge. Therefore, we disclaim any intention of intimating in this opinion that the rule in question might be invoked if the punishment was the result of a discretionary act of a jury; that question is not in the present case.

If relator may bring himself within the principle announced in the rule last above quoted, still it would appear that he has invoked the rule prematurely, for thereunder one held under an excessive sentence "cannot be discharged on habeas corpus until he has suffered or performed so much of it as it was within the power of the trial judge to impose," which, in this instance was twelve years' imprisonment. When relator has served a sufficient length of time, with the credits allowed him under the law, to entitle him to discharge, as under a twelve year penalty, then and not until then he might—if the rule in question is applicable here— invoke the action of the court in a habeas corpus proceeding.

Believing the application for the writ of habeas corpus is under any circumstances premature, same will be denied; however, without prejudice to relator's right to present one for further consideration when he may be able to bring himself within the rule in question.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Relator insists we were in error herein in that, as he asserts: "The vice of this sentence is not merely that it is of an excessive

duration, but that it is absolutely unauthorized, or of an entirely different character from that authorized by law."

Relator practically admits that if the trial court had sentenced him to serve a number of years in the state penitentiary, even though they were more than provided by law, then the sentence would only be excessive; but because of the fact that relator was sentenced for life, such constitutes a different kind of sentence and one not authorized by law.

We again quote from 70 Am. St. Rep. 418, which is also found in the annotation to Lee Lim v. Davis, 76 A. L. R., p. 497: "In distinguishing between a void judgment, from which a defendant would be released on habeas corpus, and a merely excessive judgment, from which he would not be released, the court in Re Fanton (1898) 55 Neb. 703, 70 Am. St. Rep. 418, 76 N. W. 447, said: 'If, upon a conviction for burglary, the court should sentence the accused to be hanged, the judgment would be void for want of jurisdiction of the court to impose a sentence of that kind in that case. But it would be otherwise if the court should adjudge an imprisonment in the penitentiary for a longer period than fixed by statute for the crime of burglary. In the latter case, the sentence would be erroneous merely, but not void. In the one case, the court had no jurisdiction to impose that particular kind of a sentence upon conviction of burglary, while in the other the statutory kind of punishment was meted out, although the time of imprisonment exceeded the statutory bounds. A sentence of a different character than that authorized by law to be imposed for the crime of which the accused has been found guilty is void, while a sentence which imposes the statutory kind of punishment is not absolutely void, although excessive. In the former case, the entire punishment is invalid, while as to the latter the excessive portion is alone erroneous, and not void in such a sense as to be available on habeas corpus, at least until after the valid portion of the judgment has been executed.' "

We think that punishment by confinement in the state penitentiary for a number of years and confinement therein for life are punishments of a kindred nature, the life term feature thereof being but in excess of a term of twelve years. The conclusion therefore necessarily follows that such sentence is merely excessive, and can only be reached in the manner set forth in the original opinion.

The motion is overruled.