## EX PARTE E. C. ERWIN.

No. 22472. Delivered March 31, 1943.

The opinion states the case.

*E. T. Branch* and *Henry E. Kahn,* both of Houston, for relator.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

This is an original application for a writ of habeas corpus, and same was set down for a hearing before this court relative to the issuance thereof.

On September 28, 1937, relator was indicted in Jackson County for the offense of robbery with firearms. He was tried on October 6, 1937, and, upon a plea of not guilty, he was convicted and given a sentence of confinement in the penitentiary for life, and judgment was entered thereon sentencing him to serve not less than five years nor more than life on October 11, 1937. Two days thereafter he was received in the State prison, and began to serve his sentence.

Relator was charged with the placing in fear of life and serious bodily injury and a robbery by means of exhibiting a pistol, a deadly weapon, and the jury, upon their finding of guilt, assessed a life penalty.

The charge of the court submitted the offense of robbery by the use of firearms alone, and authorized a conviction upon the jury's belief beyond a reasonable doubt of the use of a pistol in such robbery. It is noted that ordinary robbery was not submitted to the jury. The statute relative to the offense of robbery, Art. 1408, P. C., reads as follows:

"If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term of not less than five years; and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."

In his charge to the jury the trial court instructed the jury that in the event they found relator guilty, they should assess a

penalty at death or by confinement in the penitentiary for any term not less than five years. No other penalty was submitted. The jury returned the following verdict: "We the Jury find the defendants, Roy Wheat and E. C. Erwin, guilty as charged and assess their penalty in the penitentiary for life. Ad. Michalek, Jr., Foreman."

In accordance with such verdict, the trial court sentenced relator to be confined in the penitentiary for a term of not less than five years nor more than his natural life. Imprisonment in the penitentiary for life was not submitted to the jury as a possible penalty.

While we do not think that the whole of such judgment is void, we do think that the life time punishment was not authorized by statute, and that portion thereof is excessive. The minimum term of five years is valid. See Lee Lim v. Davis, 76 A. L. R. p. 461, and many annotations thereunder. It seems to be the rule in a majority of the states of the Union, that when a verdict and judgment are excessive only in the maximum penalty, if there be a minimum properly assessed in the judgment, when such minimum has been served, a prisoner is entitled to his discharge upon habeas corpus, such doctrine being based upon the proposition that the excessive portion thereof, not being authorized by law, is void. See 12 R. C. L. p. 1208, par. 27; also 8 R. C. L. p. 238; also see In Re Taylor, 45 L. R. A. 136 and note; In Re Bonner, 151 U. S. 258, 38 L. ed. 152; U. S. v. Pridgeon, 153 U. S. 62, 38 L. ed. 636. The rule in the Lee Lim v. Davis case, supra, has been tersely stated by this court in the case of Ex parte Pruitt, 141 S. W. 333, as follows:

"Relator may bring himself within the rule announced in 76 A. L. R. at page 476, as follows: 'In the case of a sentence which is merely excessive it seems to be well settled, with the exception of a few early cases, that if the court had jurisdiction of the person and subject-matter of the offense, such sentence is not void ab initio because of the excess, but that it is good so far as the power of the court extends, and is invalid only as to the excess, and therefore a person in custody under such sentence cannot be discharged on habeas corpus until he has suffered or performed so much of it as it was within the power of the court to impose. In addition to a few other cases set out in the annotation which apparently support this rule, the following show that the rule is well settled.'

"Here follows citation of many cases from the Federal courts, and also from thirty-seven state appellate courts, among them

being Ex parte Ellerd, 71 Tex. Cr. R. 285, 158 S. W. 1145; Ann. Cas. 1916D, 361."

In the above case we held that a punishment for a number of years, and a punishment for life were of a kindred nature and quoted from the case In re Fanton, 55 Neb. 703, 76 N. W. 447, 70 Am. St. Rep. 418.

It is noted that in practical unanimity the decisions hold that one confined by means of an excessive maximum verdict can only be allowed to invoke the writ of habeas corpus after he has served the minimum portion of his sentence, and he is in such situation only that he finds himself in the position to be relieved from the excessive and unauthorized maximum.

In the present case it is shown that relator had actually served, under this sentence, on the 22nd day of January, 1943, 5 years, 3 months and 11 days; that he had earned additional time, and under a clean record, so that he was entitled to 8 years, 7 months and 6 days, thus having fully satisfied the minimum portion of his sentence. Under our holding that the maximum portion of his sentence is void, but that the minimum thereof is correct, he having served such correct portion of the judgment, he is entitled to his discharge from further confinement thereunder.

The writ is granted, and relator is ordered discharged from further custody on such judgment.