### EX PARTE ROY WHEAT.

No. 22586. Delivered June 16, 1943.

Opinion states the case.

*E. T. Branch* and *H. E. Kahn,* both of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

This is an original writ of habeas corpus issued by this court on May 31, 1943.

The relator seeks his discharge from the State penitentiary where he is now confined under a conviction for the offense of robbery by firearms in the District Court of Jackson County, which conviction was had on the 6th day of October, 1937. In this conviction the jury found the defendant guilty of robbery by firearms, as charged in the indictment and as submitted by the court's charge, and fixed his punishment at life in the penitentiary. He seeks his discharge on the ground that he has now served the minimum term of five years and that all of the sentence in excess of five years was void because the statute allows the penalty of a term of years in the penitentiary, and the sentence of life is not permissible under the statute.

Roy Wheat, relator, was indicted jointly with E. C. Erwin for robbery by the use of firearms. Erwin was discharged from further confinement in the penitentiary because the punishment of life imprisonment in the penitentiary was void under the statute which did not authorize such punishment. See Art. 1408, P. C., Ex parte Erwin, 170 S. W. (2d) 226.

Relator here as in Erwin's case has served the minimum time of five years, and is entitled to his discharge for the same reasons set out in the opinion in Erwin's case.

The relator is ordered discharged from further custody under the judgment of conviction for robbery by the use of firearms in the District Court of Jackson County on October 6 ,1937.