EX PARTE W. N. DAUGHERTY.

No. 22701.   Delivered October 20, 1943.

The opinion states the case.

*Burns & Burns,* of Huntsville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

In an original application made returnable to this court, W. N. Daugherty seeks release from the penitentiary from a conviction in Dallam County on a charge of robbery with firearms. His sentence is dated November 30, 1936, and confines him in the State penitentiary for his natural life. The case was submitted to the jury on the one count and it returned its verdict assessing the penalty at confinement in the penitentiary for life.

The penalty fixed by act of the legislature for the offense charged is death or for a term of years in the penitentiary not less than five. Appellant was received in the penitentiary on the 30th day of November, 1936, and has served more than the minumum penalty.

Under the holding of this court in Ex Parte Erwin 170 S. W. (2d) 226, he will be entitled to his release on the ground that that part of the sentence confining him to the penitentiary for life is void and the State concedes that the facts of the case are the same and that the rule announced in the Erwin case is applicable. Contention is made, however, that such holding was error and that the case should now be overruled. The case of Bailey v. The United States, 74 Fed. (2d) 451 is relied upon.

Appellant was confined in the penitentiary by virtue of an act of the legislature, the construction of which is not necessarily determined by the construction given to even a similar act of Congress by a Federal court. It is the duty of this court to construe the laws in accordance with the intention of the legislature and the powers vested in it by the Constitution. When an act is identical with a Federal statute which has been previously construed judicially, we will be inclined to follow the construction given by a Federal court on the theory that it was known to the legislature and that the Federal act was copied with the intention that the statute would be given the same construction. Such is not the history of the law with which we are concerned. In the first place, it is not sufficiently similar to the Federal law under consideration by the circuit court in the Bailey case nor did that construction precede the enactment of the law involved. The legislature has, in some cases, provided for life sentences and in others, for a term of years. It appears that such has been done with care and caution. We are unable to find that they have, in any case, used the two expressions interchangeably as meaning the same thing and there is no basis for a conclusion that they did. In the absence of such

practice, we have heretofore reached the conclusion that the expressions are used in a technical sense; that the intention is clearly expressed and that this court should follow it. That holding will be adhered to.

The writ is granted as prayed for and the relator is ordered discharged from further custody under the judgment pleaded.