EX PARTE ARTHUR WHITTEN.

No. 23784. Delivered November 12, 1947.

*Kahn & Heidingsfelder,* of Houston, for petitioner.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator, an inmate of the state penitentiary, has filed his application for a writ of habeas corpus alleging that he was indicted on August 26, 1938, in Hopkins County, Texas, in Cause No. 7732 therein, wherein he was charged with robbery with firearms. Upon his plea of guilty, a jury assessed a penalty of a life term in the state penitentiary, and the trial court entered its judgment thereon in the following terms:

"IT IS THE ORDER OF THE COURT, that the Defendant, Arthur Whitten, who has been adjudged to be guilty of Robbery with fire arms, and whose punishment has been prescribed at confinement in the penitentiary for a term of not less than life nor more than life years, be delivered by the Sheriff of Hopkins County, Texas, immediately to the Superintendent of the Penitentiaries of the State of Texas, or other person legally authorized to receive convicts, and the said Arthur Whitten shall be confined in said penitentiaries for a term of not less than life nor more than life years, in accordance with the provisions of the law governing the penitentiaries of said State, and the said Arthur Whitten is remanded to jail until said Sheriff can obey the directions of this sentence."

Relator was received in the state prison on September 22, 1938, and under the record, he contends that he has served under said judgment, together with extra time, nine years and eight days.

It is shown by the record that relator had been previously convicted in Cause No. 5533 in the District Court of Leon County, on April 22, 1935, and sentenced to serve 50 years in the penitentiary; that on June 24, 1935, he was convicted in Smith County, and sentenced to serve 20 years in the penitentiary in Cause No. 11965, and the judgment of the court in said last named cause provided, among other things, as follows:

"And it is the further order of this court that this sentence be cumulative of and date and begin at expiration of sentence in the District Court of Leon County, of date, April 22nd, 1935, in Cause No. 5533 wherein defendant was sentenced to serve 50 years in the penitentiary."

It further appears that in August, 1938, appellant received a verdict of guilty in a charge of robbery by exhibiting a pistol, and was sentenced by the trial court to a term of not less than life nor more than life in the penitentiary. There was no cumulation made of this sentence, nor mention made therein of the previous convictions in Leon County or Smith County, and it is therefore contended that the Hopkins County life term runs concurrently with the 50 years in Leon County and the 20 years from Smith County.

Relator's record from the Prison Bureau of Records and identification also further shows a conviction in Bosque County on October 1, 1938, of 22 years in the penitentiary running concurrently with other previous convictions.

The contention is made herein that Article 1408, P. C., denouncing the offense of robbery by the use or exhibition of a firearm, provides for a penalty of death or any term of years not less than five years; that a life term is not included within the statute, and that therefore the judgment and sentence providing for a life term are unauthorized; that same not being authorized the minimum term is five years; and relator having served more than such minimum term, he is entitled to his discharge from the Hopkins County conviction and sentence of a life term. However, relator recognizes the validity of the 50-year Leon County sentence and also the 20-year Smith County sentence, which is cumulative of the Leon County judgment.

We have heretofore held in Ex parte Erwin, 145 Tex. Cr. R. 504, 170 S. W. (2d) 226; Ex parte Wheat, 146 Tex. Cr. R. 171, 172 S. W. (2d) 344; Ex parte O'Dare, 146 Tex. Cr. R. 162, 172 S. W. (2d) 336; Ex parte Daugherty, 146 Tex. Cr. R. 303, 174 S. W. (2d) 493, that when one is confined in the penitentiary under a judgment and sentence the maximum of which is not authorized by law, that upon serving the authorized minimum of such sentence, he is entitled to his discharge from such unauthorized maximum sentence.

The only difference between the instant case and those above cited is that in the present instance the trial court failed to apply the Indeterminate Sentence Law to relator's sentence. He did not say less than five years nor more than life. However, that was the effect of the sentence complained of herein, and it is shown by the record that relator has served concurrently with other penalties more than five years, the minimum fixed by Art. 1408, P. C.

Under this showing, we hold that the judgment and sentence of a life term for robbery with firearms are authorized, and under the Hopkins County cause No. 7732, relator is entitled to his discharge therefrom; but this discharge shall in no wise affect the conviction and sentence in the Leon County case of 50 years nor the Smith County sentence of 20 years, as shown by this record.

Accordingly, relator is ordered discharged from the Hopkins County sentence.