COSME CUELLAR V. THE STATE.

No. 23821. Delivered December 3, 1947.

*Fred Kowalski,* of Brownsville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The indictment charged appellant with the nighttime burglary of the private residence of John E. Oaks. There was also a count charging a prior conviction of an offense of like character.

Appellant waived trial by jury and pleaded guilty before the court. The proceedings touching the entry and receipt of a plea of guilty before the court are regular. The trial court fixed appellant's punishment at confinement in the penitentiary for life. Neither the judgment nor sentence shows that the court charging a prior conviction entered into the punishment so fixed.

The statute (Art. 1391, P. C.) fixes the punishment for night-time burglary of a private residence at confinement in the penitentiary for "any term not less than five years." This means that the punishment must be fixed at a term of years. Life imprisonment in the penitentiary is not for a term of years and is authorized only when the penalty fixed by statute so provides. See Ex Parte Pruitt, 139 Tex. Cr. 438, 141 S. W. (2d) 333; Square v. State, 142 Tex. Cr. R. 493, 154 S. W. (2d) 852.

The court having fixed a punishment not authorized, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.