## EX PARTE J. R. CASTLEBERRY.

No. 24296.   January 12, 1949.

Hon. Langston G. King, Judge Presiding.

*Kahn & Heidingsfelder*, and *H. E. Kahn*, all of Houston, for relator.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator is an inmate of the state penitentiary. It is shown herein that in cause No. 4777 in the District Court of Stephens County on April 2, 1946, he was convicted upon a plea of guilty under an indictment charging forgery and passing a forged instrument and by the court sentenced to a term of ten years in the penitentiary for "forgery in passing"; that on the same date (April 2, 1946) in cause No. 4778 in said Stephens County District Court, he plead guilty to an indictment charging the offense of forgery and was sentenced to a term of ten years in the penitentiary, said sentence to run concurrently with that in No. 4777. Again, on April 23, 1946, in cause No. 2770 in the District Court of Nolan County, relator pleaded guilty to the charge of forgery and was sentenced to a term of ten years in the penitentiary. Again, on April 4, 1946, in cause No. 2880 in the District Court of Young County, it is shown that relator pleaded guilty to the offense of forgery and was sentenced to a term of not less than two nor more than ten years in the penitentiary.

We find ourselves at a loss to know under which statute relator was given a penalty of ten years for the commission of the offense of forgery.

Article 995, of the Penal Code, reads as follows: "Any person guilty of forgery shall be confined in the penitentiary not less than two nor more than seven years."

In one instance above set forth, relator was found guilty of "forgery in passing". Of course, he could only be found guilty of either forgery or in knowingly passing as true a forged instrument. It is also noted that the punishment provided by law (Art. 996, P. C.) for such passing of a forged instrument is not less than two nor more than five years. In no event are we able to find any legal basis for a sentence of ten years for either forgery or passing a forged instrument. Unquestionably, however, the two-year portion of such sentence is within the statute, but the maximum of ten years is not provided by either statute.

We are cited to the late case of Ex parte Whitten, 205 S. W. (2d) 588, which reads in part as follows:

"We have heretofore held in Ex parte Erwin, 145 Tex. Cr. R. 504, 170 S. W. (2d) 226; Ex parte Wheat, 146 Tex. Cr. R. 171, 172 S. W. 2d 344; Ex parte O'Dare, 146 Tex. Cr. R. 162, 172 S. W. 2d 336; Ex parte Daugherty, 146 Tex. Cr. R. 303,

174 S. W. 2d 493, that when one is confined in the penitentiary under a judgment and sentence the maximum of which is not authorized by law, that upon serving the authorized minimum of such sentence, he is entitled to his discharge from such unauthorized maximum sentence."

Again, in Ex parte Erwin, supra, we quoted from Ex parte Pruitt, 139 Tex. Cr. R. 438, 141 S. W. (2d) 333, 335, as follows:

"Relator may bring himself within the rule announced in 76 A. L. R. at page 476, as follows: 'In the case of a sentence which is merely excessive it seems to be well settled, with the exception of a few early cases, that if the court had jurisdiction of the person and subject-matter of the offense, such sentence is not void ab initio because of the excess, but that it is good so far as the power of the court extends, and is invalid only as to the excess, and therefore a person in custody under such sentence cannot be discharged on habeas corpus until he has suffered or performed so much of it as it was within the power of the court to impose. In addition to a few other cases set out in the annotation which apparently support this rule, the following show that the rule is well settled.'

"Here follows citation of many cases from the Federal courts, and also from thirty-seven state appellate courts, among them being Ex parte Ellerd, 71 Tex. Cr. R. 285, 158 S. W. 1145, Ann. Cas. 1916D, 361."

In the present instance, it is shown by the record that relator is entitled to a total time served to his credit of 3 years, 4 months and 6 days on May 6, 1948.

These judgments being correct relative to the minimum of two years but void as to the maximum of ten years, it follows that the relator having served the legal portion of his sentence so far as these sentences herein mentioned are concerned, he is entitled to his discharge therefrom, and it is so ordered.