### EX PARTE DAVID WOODS.

No. 24450. May 25, 1949.

Kahn, Branch, Heidingsfelder & Daniel (By Kellis Daniel), Houston, for relator.

Ernest S. Goens, State's Attorney, Austin, for the state.

GRAVES, Judge.

Relator, an inmate of the state prison, sues out this writ which was granted by Judge Williford and sent to this court for final adjudication as provided by statute, Art. 119, C. C. P., as amended by Acts of the 48th Legislature (1943), page 354, chapter 233, section 1.

The facts herein shown are similar to those set forth in our recently decided case of Ex parte Castleberry, 152 Texas Crim. Rep. 583, 216 S. W. (2d) 584, and seem to have happened at the same place and time as the conviction therein.

This relator was charged in Cause No. 4776 in Stephens County with the offense of forgery and passing a forged instrument in the first count in such indictment; and in the second count thereof, it was alleged that he had twice theretofore been convicted of a similar offense. In Cause No. 4776 in said county, he pleaded guilty before the court and was by the court given a sentence of ten years in the state penitentiary. There is no data to show as to whether such plea was to the single offense or to the count setting forth the two previous convictions prior to the presently alleged offense. Thereafter, it seems that he also pleaded guilty to an indictment for forgery in Cause No. 4775 in Stephens County, and was again awarded a penalty of ten years, "said sentence to run concurrent with Cause No. 4776."

Again, in Cause No. 2879, in the district court of Young County, Texas, the relator pleaded guilty before the judge to the offense of forgery and received a penalty of ten years in the state penitentiary, nothing being said relative to the concurrence of such penalties.

Again, in Cause No. 2770 in the district court of Nolan County, Texas, relator and J. R. Castleberry pleaded guilty to the offense of forgery before the court and both were sentenced to a term of not less than two nor more than ten years in prison.

The opinion in the Castleberry case, supra, seems to be decisive in the present matter.

True it is that in Cause No. 4776 in Stephens County, there was a charge shown in the indictment of two previous felony convictions, the penalty for a conviction of a felony less than capital under such count being life imprisonment. See Art. 63, P. C. Upon a conviction under such repetition count, the punishment should have been for life, but nowhere do we find any method whereby one could be punished for a period of ten years for forgery or for knowingly passing a forged instrument.

Under the facts herein shown, it appears that relator has total service time to his credit of five years and twelve days.

The valid portion of his convictions and judgments having been served under the authorities set forth in the case of Ex parte Castleberry, supra, and also Ex parte Whitten, 205 S. W. (2d) 588, the relator is ordered discharged from further confinement on such commitments in Causes Nos. 4775 and 4776 in Stephens County District Court, in Causes No. 2879 in Young County District Court, and Cause No. 2770 in Nolan County District Court.

The writ is granted and relator ordered discharged thereunder.