George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

The conviction is for passing a forged instrument; the punishment, four years in the penitentiary.

The sole question presented for review is the sufficiency of the evidence to support the conviction.

A check for $61.50, purporting to be signed by Mrs. P. R. Roach and drawn upon The Amarillo National Bank and payable to appellant, was presented to Ray Smith, an employee of a grocery store, for payment. After appellant had endorsed the check, Smith gave him the $61.50 in cash.

Smith, testifying for the state, said that he had at a prior time cashed a check for appellant which was signed by a Mrs. Roach, for whom appellant represented he was doing some work. There is no testimony as to the initials of the Mrs. Roach mentioned. Smith testified that he presented the alleged forged check to the bank for payment; whether the check was or was not paid by the bank is not shown. If payment was refused by the bank, there is no such direct testimony.

We have examined Smith's testimony with meticulous care and nowhere do we find that he testified that the check was not paid by the bank. There is nothing on the check indicating that it was ever presented to the bank for payment; nor is there testimony that Mrs. P. R. Roach, the purported maker of the check, did not have an account at the bank.

The foregoing are the facts upon which this conviction rests.

We are constrained to agree with the appellant that the facts do not warrant the conviction.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

## Ex parte GEISLING.
### No. 25598.

Court of Criminal Appeals of Texas.

Nov. 21, 1951.

No attorney on appeal.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

Relator, an inmate of the penitentiary of Texas, has filed an original application for writ of habeas corpus in this court

834

alleging that the judgment and sentence in cause No. 7727 in the District Court of Hopkins County is void; and praying for release.

Certified copies of such judgment and sentence show that relator pleaded guilty to the offense of robbery with firearms, and the jury assessed his punishment at confinement in the penitentiary for life and he was sentenced accordingly.

Such judgment and sentence we held, in a companion case to that of relator, to be void. See Ex parte Whitten, 151 Tex.Cr.R. 169, 205 S.W.2d 588.

It appears that in addition to the above sentence, relator is legally held by the penitentiary authorities under other felony convictions and therefore is not entitled to discharge.

The application for release by habeas corpus is denied.

Opinion approved by the court.