It is well settled that in a prosecution for passing a forged instrument to one person, proof that it was passed upon a third party will not sustain a conviction. Morris v. State, 52 Tex.Cr.R. 288, 106 S.W. 383; Brown, alias Jones v. State, 71 Tex.Cr.R. 45, 158 S.W. 533; Huntly v. State, Tex.Cr.App., 34 S.W. 923; White v. State, 155 Tex.Cr.R. 303, 234 S.W.2d 876.

The check was not passed to Mr. Taylor when delivered to him for his "O.K.", as it was returned to appellant, who then carried it to Mary Irvin. Under the holding in White v. State, 155 Tex. Cr.R. 303, 234 S.W.2d 876, it is doubtful that the facts here are sufficient to show even an attempt to pass the check to Mr. Taylor.

We conclude that the evidence is not sufficient to sustain the allegation that appellant passed a forged check to John R. Taylor as alleged in the indictment.

The judgment is reversed and the cause is remanded.

**Ex parte Floyd Jackson HUDSON.**

No. 27998.

*Court of Criminal Appeals of Texas.*

Nov. 16, 1955.

No appearance for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

This is an original application for a writ of habeas corpus brought by relator Floyd Jackson Hudson seeking his release from the Texas Prison System.

Relator was convicted in the District Court of Midland County in Cause No. 1981 on the 2nd day of August, 1954, for the felony offense of attempt at burglary, and his punishment was assessed at seven years in the penitentiary.

Article 1402, V.A.P.C., sets the punishment for this offense at not less than two nor more than four years. Relator, by certificate of the Texas Prison System, shows this Court that he has credit for time served in excess of two years, the minimum term set by the statute.

The sentence is excessive, and as to the excess over the two-year minimum is void. The relator has served the legal portion of the sentence and is entitled to be discharged. Ex parte Castleberry, Tex.Cr.App., 216 S.W.2d 584, and Ex parte Willis, 158 Tex. Cr.R. 333, 255 S.W.2d 510, and cases there cited.

It is so ordered.