SANTOS VALENTIN RUIZ, Appellant

v.

UNITED STATES OF AMERICA

No. 15,825

United States Court of Appeals
Third Circuit

Submitted August 8, 1966

Decided August 31, 1966

*See, also, 365 F.2d 500*

WILLIAM C. LOUD, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

ALMERIC L. CHRISTIAN, ESQ., U.S. Attorney, JOHN E. STOUT, ESQ., U.S. Attorney, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before MARIS, SMITH and SEITZ, *Circuit Judges*

MARIS, *Circuit Judge*

## OPINION OF THE COURT

This is an appeal by Santos Valentin Ruiz, a prisoner in the Federal Penitentiary at Atlanta, Georgia, from an order of the District Court of the Virgin Islands, denying the prisoner's petition under 28 U.S.C. § 2255 for the correction of his sentence of life imprisonment by the substitution of a sentence for a term of years. The prisoner had been charged in the Virgin Islands with murder in the first degree to which he had pleaded not guilty. Subsequently he withdrew that plea and entered a plea of guilty of murder in the second degree upon which the district court imposed the sentence of life imprisonment in question. In support of his petition for correction of the sentence the prisoner asserts that under the Virgin Islands Code the punishment of life imprisonment may be imposed only for first degree murder and that the punishment imposed for second degree murder is limited to imprisonment for a fixed term of years, not less than five, in the discretion of the court. The United States Attorney concedes the validity of this contention and we agree.

14 V.I.C. § 923 provides:

"(a) Whoever commits murder in the first degree shall be imprisoned for life.

"(b) Whoever commits murder in the second degree shall be imprisoned for not less than 5 years."

▇ We think that the dichotomy of § 923 compels the conclusion that the penalty, imprisonment for a period of not less than five years, imposed for the lesser offense, is intended to be less severe than the greater penalty, imprisonment for life, imposed for the greater offense, and must, therefore, be something which is ordinarily less than life imprisonment, namely, imprisonment for a definite term of years. This is not to say that a sentence to a term of years may not in fact turn out to be longer than the prisoner's actual remaining span of life or that under some circumstances a term of years greater than the prisoner's life expectancy may not be imposed. It is merely to say that the statutory mandate is to impose life imprisonment for first degree murder and imprisonment for a fixed definite term of years, and that only, for murder in the second degree.

▇ We have considered Bailey v. United States, 10 Cir. 1934, 74 F.2d 451, and Bates v. Johnston, 9 Cir. 1940, 111 F.2d 966, which construed the penalty imposed by the Lindbergh Law upon interstate kidnappers as including life imprisonment. We do not find those cases persuasive here, however, since they did not involve a statute having the dichotomy of § 923. On the other hand, we are in accord with the Court of Criminal Appeals of Texas which held in Daugherty v. State, 1943, 146 Tex.Cr.R. 303, 174 S.W.2d 493; Cuellar v. State, 1947, 151 Tex.Cr.R. 176, 206 S.W.2d 250, and Ex parte Goss, 1953, 159 Tex.Cr.R. 237, 262 S.W.2d 412, that imprisonment for life is not for a term of years and is authorized only when the statute so provides. We are fortified in this view by the fact that the

Legislature of the Virgin Islands knew how to authorize in the same statute the imposition of imprisonment for a term of years with a permissible maximum of life imprisonment when it wanted to do so. For this is exactly what it did in 14 V.I.C. § 61 which provides that an habitual criminal may be imprisoned "for a term of not less than 10 years, and the maximum thereof shall be the remainder of his natural life".[1]

 Fixing the limits of the punishment to be imposed for crime is a legislative function. It is the duty of the district court to impose the sentence which it regards as appropriate within the limits thus fixed and if it does so its action will not be disturbed on appeal. United States v. Wallace, 3 Cir. 1959, 269 F.2d 394. But where the sentence imposed is at variance with the statutory requirements, it may be corrected to conform to the provisions of the statute even though the prisoner did not appeal from the judgment embodying the invalid sentence and has already served part of his term of imprisonment. The correction is to be made not by discharge of the prisoner but by an appropriate amendment of the invalid sentence by the court which imposed it. Rule 35, Fed. Rules of Criminal Procedure; United States v. Bozza, 3 Cir. 1946, 155 F.2d 592, aff. Bozza v. United States, 1947, 330 U.S. 160, 166.

 Since the sentence to life imprisonment imposed upon the prisoner in this case was not authorized by § 923 it must be corrected so as to impose imprisonment for an appropriate term of years, not less than five, under that section. This should be done as the date of his original sentence, June 4, 1964. See Hayes v. United States, D.C.Cir. 1957, 249 F.2d 516, cert. den. 356 U.S. 914.

---

[1] Since the United States Attorney did not choose to proceed under § 61 in this prisoner's case the sentence of life imprisonment is not supported by that section.

■ The prisoner here also argues that it was error for the district court not to require his presence at the hearing of his motion under § 2255. There is no merit in this contention. It is well settled that the district court may entertain such a motion without requiring the presence of the prisoner at the hearing if his testimony is not material to an issue raised by the motion. United States v. Hayman, 1952, 342 U.S. 205. Here no testimony was required on the issue raised by the prisoner's motion as to the validity of the sentence.

■ ■ The prisoner subsequently filed a motion to substitute an application for a writ of habeas corpus ad subjiciendum which the district court denied. The prisoner asserts that this action also was erroneous. This contention is wholly without merit. Since the prisoner is not held in custody in the Virgin Islands the district court would not have jurisdiction to issue a writ of habeas corpus, regardless of the merits of the application, upon which we do not pass. His proper remedy is the one which he initially invoked and under which his is entitled to relief, a motion under 28 U.S.C. § 2255. United States ex rel. Leguillou v. Davis, 3 Cir. 1954, 3 V.I. 511, 212 F.2d 681.

The order of the district court will be reversed and the cause will be remanded to the district court for further proceedings not inconsistent with this opinion.