**Ex parte Albert C. BALAS, Jr.**

**No. 40147.**

Court of Criminal Appeals of Texas.

Feb. 15, 1967.

Albert C. Balas, Jr., pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an original application for habeas corpus by relator who is confined in the Texas Department of Corrections. The judgment, a copy of which relator attached to his pro se application indicates he plead guilty on September 26, 1955, before the Court to the offense of burglary of a private residence at night, in the 54th District Court of McLennan County and was assessed a punishment of confinement

**54**

in the state penitentiary for life. The attached sentence applying the indeterminate sentence law recites a punishment of not less than 5 years nor more than life.

The relator's contention made herein is that Article 1391, Vernon's Ann.P.C., denouncing the offense of burglary of a private residence at night, provides for a penalty of "any term not less than five years;" that a life term is not included within the statute, and that therefore the judgment and sentence providing for a life term are unauthorized; that the same not being authorized, the minimum term is five years; and relator having served more than such minimum term, he is entitled to discharge as the remainder of the sentence is excessive and void.

Relator cites as his authorities, Ex Parte Webb, Tex.Cr.App., 374 S.W.2d 675; Ex Parte Foight, 165 Tex.Cr.R. 153, 306 S.W. 2d 132; Ex Parte Goss, 159 Tex.Cr.R. 235, 262 S.W.2d 412; Ex Parte Geisling, Tex.Cr.App., 243 S.W.2d 833; Cuellar v. State, 151 Tex.Cr.R. 176, 206 S.W.2d 250; Ex Parte Whitten, 151 Tex.Cr.R. 169, 205 S.W.2d 588; Ex Parte Wheat, 146 Tex. Cr.R. 171, 172 S.W.2d 344; Ex Parte O'Dare, 146 Tex.Cr.R. 162, 172 S.W.2d 336; Ex Parte Erwin, 145 Tex.Cr.R. 504, 170 S.W.2d 226. These authorities sustain his contention.

In discussing the penalty provision of Article 1391, V.A.P.C., this Court in Cuellar v. State, supra, said:

"This means that the punishment must be fixed at a term of years. Life imprisonment in the penitentiary is not for a term of years and is authorized only when the penalty fixed by statute so provides. See Ex parte Pruitt, 139 Tex.Cr.R. 438, 141 S.W.2d 333; Square v. State, 142 Tex.Cr.R. 493, 154 S.W.2d 852."

"The Court having fixed a punishment not authorized, the judgment is reversed * * *"

To the same effect is the opinion on rehearing of this Court in Ex Parte Davis, Tex.Cr.App., 412 S.W.2d 46, handed down this day.

For Judge Morrison's views, see Ex Parte Davis, supra.

It having been shown by certificate of the Texas Department of Corrections that the relator has credit for over twenty years which is in excess of the minimum punishment provided for the offense of burglary of a private residence at night, he is entitled to discharge.

It is so ordered.