**Ex parte Gerald L. MORGAN.**

**No. 40610.**

Court of Criminal Appeals of Texas.

July 26, 1967.

Gerald L. Morgan, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

Relator, an inmate of the Texas Department of Corrections, seeks his release by original application, pro se, for habeas corpus. He is presently confined by virtue of judgments and sentences entered in Cause Nos. 10,714 and 10,744 in 5th District Court, Cass County, Texas.

Relator contends that the punishment assessed in each cause, fifteen (15) years, is in excess of the maximum penalty provided by law for the offenses involved and that such sentences are therefore excessive and void.

We shall discuss each case separately.

The indictment in Cause No. 10,744 charges the offense of cattle theft in the first count thereof, with two prior felonies less than capital alleged for enhancement. The judgment in said cause reflects that on January 10, 1966, relator entered a plea of guilty and was found guilty of "theft" and was assessed a punishment of fifteen (15) years confinement in the penitentiary. The sentence imposed, applying the indeter-

minate sentence law, recites a punishment of not less than two nor more than fifteen years.

Article 1441, Vernon's Ann.P.C., provides as follows:

"Whoever shall steal any cattle or hog shall be confined in the penitentiary for not less than two (2) nor more than ten (10) years."

This is the same penalty provided for the theft of property of the value of fifty dollars or more. Article 1421, V.A.P.C.

■ The punishment assessed in Cause No. 10,744 was therefore in excess of the maximum penalty provided for cattle theft. It is well established law that when one is confined in the penitentiary under a judgment and sentence the maximum of which is not authorized by law upon serving the authorized minimum he is entitled to discharge from the unauthorized maximum sentence. Ex parte Davis, Tex.Cr.App., 412 S.W.2d 46; Ex parte Balas, Tex.Cr. App., 412 S.W.2d 53; Ex parte Rolen, 163 Tex.Cr.R. 525, 294 S.W.2d 403; Ex parte Castleberry, 152 Tex.Cr.R. 583, 216 S.W.2d 584; Ex parte Erwin, 145 Tex.Cr. R. 504, 170 S.W.2d 226.

It is shown by certificate of the Texas Department of Corrections that relator has credit in excess of three years and twenty-three days.

The sentence in Cause No. 10,744 being correct relative to the minimum of two years but void as to the maximum of fifteen years, it follows that relator, having served the legal portion of his sentence in said cause, is entitled to his release therefrom, and it is so ordered.

The indictment in Cause No. 10,714 charges the offense of felony theft in the first count thereof, defrauding by worthless check of the value of $45.00 in the second count thereof, with eight prior misde-

meanor (worthless check) convictions and two prior convictions for felonies less than capital—all apparently alleged for the purpose of enhancement.

The judgment entered in Cause No. 10,714 reflects that on January 10, 1966, relator entered a plea of guilty and was found guilty of the offense of "forgery and passing" and was assessed a punishment of fifteen years. The sentence, applying the indeterminate sentence law, recites a punishment of not less than two nor more than fifteen years.

■ First, we observe that where forgery and passing a forged instrument are charged in the same indictment a conviction cannot be legally had for both offenses. 3 Branch's Anno.P.C.2d, Section 1581, p. 722; Ex parte Castleberry, supra; Ex parte Willis, 158 Tex.Cr.R. 333, 255 S.W. 2d 510; Melancon v. State, Tex.Cr.App., 367 S.W.2d 690. Second, we note that neither of such offenses was alleged in the indictment in Cause No. 10,714, and that the punishment of fifteen years assessed is in excess of the maximum penalties provided by law for forgery, or passing a forged instrument, or any of the offenses charged in the indictment. Articles 995, 996, 1421, and 567b, V.A.P.C.

We find ourselves at a loss to know under which statute relator was assessed a penalty of fifteen years.

It would be idle for us to cite authorities holding that it is fundamental that the judgment and sentence must follow the indictment.

The conviction in Cause No. 10,714, being for an offense not alleged in the indictment, the conviction is void ab initio and is hereby set aside. The relator is remanded to the custody of the Sheriff of Cass County to answer the indictment in Cause No. 10,714 in the 5th District Court.

It is so ordered.