### Ex parte Frank COLE, With Alias.

### No. 40642.

Court of Criminal Appeals of Texas.

July 26, 1967.

Frank Cole, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an original application for habeas corpus by relator who is confined in the Texas Department of Corrections. The judgment, a copy of which relator attached to his pro se application, indicates he plead guilty before the court on April 18, 1960, to the offense of Assault with Intent to Commit Rape, in the then Criminal District Court of Travis County, and was assessed a punishment of confinement in the State penitentiary for life. The sentence attached to relator's application, applying the indeterminate sentence law, recites a punishment of not less than two (2) years nor more than life.

The relator's contention is that Article 1162, Vernon's Ann.P.C., denouncing the offense of Assault with Intent to Commit Rape provides for a penalty of "any term of years not less than two"; that a life term is not included within the statute, and that, therefore, the judgment and sentence providing for a life term are unauthorized; that the same not being authorized, the minimum term is two (2) years; and relator having served more than such minimum term, he is entitled to his discharge as the remainder of the sentence is excessive and void.

Relator's contention is correct, and was recently sustained by this Court in Ex parte Davis, Tex.Cr.App., 412 S.W.2d 46.

It having been shown by certificate of the Texas Department of Corrections that the relator has credit for over fourteen (14) years, which is in excess of the minimum punishment provided for the offense of Assault with Intent to Commit Rape, he is entitled to release. Ex parte Davis, supra; Ex parte Rolen, 163 Tex.Cr.R. 525, 294 S.W.2d 403; Ex parte Goss, 159 Tex. Cr.R. 235, 262 S.W.2d 412; Ex parte Erwin, 145 Tex.Cr.R. 504, 170 S.W.2d 226.

It is so ordered.