**Ex parte Leroy BROWN.**

**No. 59097.**

Court of Criminal Appeals of Texas.

Jan. 17, 1979.

Kenneth Anderson, Huntsville, for appellant.

## OPINION

W. C. DAVIS, Judge.

This is a post conviction application for writ of habeas corpus. Article 11.07, V.A.C. C.P.

The petitioner asserts that his present 99-year sentence is void, as his 1960 conviction for assault with intent to rape (which provided for a minimum sentence of two years but no maximum term) was enhanced by a prior conviction for the same offense, pursuant to Article 62 [1] of our former Penal Code. His contention was rejected on appeal in *Brown v. State,* 171 Tex.Cr.R. 167, 346 S.W.2d 842 (1961); however, our subsequent decision of *Ex parte Davis,* 412 S.W.2d 46 (Tex.Cr.App.1967) (on rehearing), expressly overruled *Brown,* supra, holding that Article 62, V.A.P.C., cannot be applied where the statute fails to provide a maximum term or a life term as punishment for the primary offense. See also *Cole v. State,* 417 S.W.2d 408 (Tex.Cr.App.1967).

We are confronted with what relief is to be granted petitioner. In *Davis,* supra, we relied upon *Ex parte Erwin,* 145 Tex.C.R. 504, 170 S.W.2d 226 (1943), which held that as the statute under which the relator was punished was valid only in regard to the minimum, and therefore any term in excess of the minimum was void, and it having been shown by certificate that the relator had served said minimum, he was entitled to discharge.

1. Article 62; Subsequent Conviction for a Felony:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of this same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

*Ex parte Murillo,* 528 S.W.2d 127 (Tex.Cr. App.1975), and *Ex parte Hill,* 528 S.W.2d 125 (Tex.Cr.App.1975), purport to overrule *Erwin* and *Davis,* among others,[2] as to the type of relief available to the successful petitioner. In *Hill,* we held:

" . . . where a void sentence is attacked on habeas corpus, this Court has .the power in those cases where the court has assessed punishment, to remand the petitioner to the trial court for the assessment of a proper punishment and sentence."

\* \* \* \* \* \*

We reasoned:

" . . . because of the Legislature's adoption of a bifurcated system of criminal trials, this Court is empowered to mandate a reversal and remand only as to the punishment phase where the court assesses punishment."

 We do not deem it necessary to distinguish those cases decided pursuant to our former unitary proceeding from those considered under our present bifurcated trial procedure. We think the proper inquiry should be who assessed the punishment and therefore conclude that although the court announced the correct rule in *Hill,* we think its application overruling *Erwin* was mistaken. In *Erwin,* supra, a jury assessed an unauthorized and excessive punishment; however, the rule was correctly applied in *Ex parte Davis,* where the defendant pled guilty and the *court* assessed punishment.[3] We are bound by the longstanding rule that this Court may not substitute its judgment for that of the jury in reviewing the assessment of punishment. *Ocker v. State,* 477 S.W.2d 288 (Tex.Cr.App.1972); *Moss v. State,* 574 S.W.2d 542 (No. 54,392, decided October 6, 1978) (on rehearing). Therefore,

---

**2.** See Footnote # 2, *Hill,* supra, 528 S.W.2d 125 at 127.

**3.** The court incorrectly applied the rule of *Hill* in overruling the following cases, footnote number two in the *Hill* case, which, upon inspection of the record show that the *jury* assessed punishment: (1) *Ex parte O'Dare,* 146 Tex.Cr.R. 162, 172 S.W.2d 336 (1943); (2) *Ex parte Wheat,* 146 Tex.Cr.R. 171, 172 S.W.2d 344 (1943); (3) *Ex parte Daugherty,* 146 Tex.

in those cases where the jury assessed punishment, this Court cannot reverse and remand for a reassessment of punishment.

The relator is ordered discharged in Cause No. 33383 and the corresponding Lubbock County sentence.

DOUGLAS, J., not participating.

Cr.R. 303, 174 S.W.2d 493 (1943); (4) *Ex parte Whitten,* 151 Tex.Cr.R. 169, 205 S.W.2d 588 (1947); (5) *Ex parte Geisling,* 243 S.W.2d 833 (Tex.Cr.App.1951); (6) *Ex parte Goss,* 159 Tex. Cr.R. 235, 262 S.W.2d 412 (1953); (7) *Ex parte Foight,* 165 Tex.Cr.R. 153, 306 S.W.2d 132 (1957); (8) *Ex parte Webb,* 374 S.W.2d 675 (Tex.Cr.App.1964); (9) *Ex parte Collier,* 440 S.W.2d 854 (Tex.Cr.App.1969).