**Ex parte Richard Lee RUSTIN.**

No. 61098.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 26, 1980.

Robert Huttash, State's Atty., Austin, for
the State.

## OPINION

ONION, Presiding Judge.

This is a post–conviction habeas corpus proceedings brought under Art. 11.07, V.A. C.C.P. This proceeding has something of a history.

The record now before this Court shows that on December 20, 1977, the petitioner waived trial by jury and entered a guilty plea before the court to an indictment charging aggravated robbery. The court assessed his punishment at ten years. Sentence was imposed on the same date. On December 30, 1977, ten days later, the petitioner waived the right to an indictment and entered a guilty plea before the court to a felony information charging him with the offense of escape (effected with a deadly weapon while in custody for aggravated robbery) "on or about the 25th day of December A.D.1977." The punishment was assessed at twenty–five years imprisonment and the judge made the finding that the offense occurred on December 25, 1977, which is five days after petitioner's conviction for aggravated robbery. Sentence was imposed ordering that petitioner be confined in the Department of Corrections for not less than ten years nor more than twenty–five years.[1]

Petitioner alleges in his habeas corpus petition that the escape charged is a second degree felony (V.T.C.A. Penal Code, Sec. 38.07(a)) and that the punishment assessed is in excess of the maximum punishment permitted for a second degree felony, V.T. C.A. Penal Code, Sec. 12.33.[2] He further contends that in imposing the sentence the court erred in applying the Indeterminate Sentence Law (Art. 42.09, V.A.C.C.P.)[3] by fixing the minimum at other than the lowest term provided by law.[4]

In addition the petitioner alleged the trial court failed to advise him at time of guilty plea that the prosecutor's recommendation

---

1. The sentence is dated December 25, 1977, which is obviously a clerical error.

2. V.T.C.A. Penal Code, Sec. 12.33 provides that a person convicted of a second degree felony shall be punished by confinement in the Department of Corrections for not less than two nor more than twenty years. In addition, a fine not to exceed $10,000.00 may be imposed. Thus petitioner is correct that punishment assessed for the escape offense is in excess of punishment authorized.

3. Art. 42.09, V.A.C.C.P. provides in part that if the punishment offered is more than the minimum term set by law "... the judge in passing punishment shall pronounce an indeterminate sentence fixing in such sentence as the minimum the term provided by law as the lowest term in an institution operated by the Department of Corrections and as the maximum the term stated in the verdict ...."

4. In passing sentence the judge sentenced the petitioner to serve not less than ten years nor more than twenty–five years in the Department of Corrections.

as to punishment, if any, was not binding on the court but had in fact advised him such recommendation would be binding upon the court; that the trial court failed to admonish him as to range of punishment for the offense; that his plea of guilty was not knowingly or voluntarily made because he believed he was subject to a punishment of confinement for life, or for a term of five to ninety–nine years; that his counsel rendered ineffective assistance by advising him the range of punishment for the offense charged was life, or for a term of five to ninety–nine years imprisonment and failing to object to the excessive punishment imposed.

After petitioner filed his habeas corpus petition in the convicting court the State filed no answer, and when the trial court took no action on the petition for more than twenty days the Clerk forwarded the record to this Court which merely consisted of the habeas corpus petition, the waiver of indictment, the felony information, the judgment and sentence.

In our per curiam original opinion in this case, Tex.Cr.App., 583 S.W.2d 423, it was noted that in assessing punishment the court exceeded the punishment authorized by statute and improperly applied the indeterminate sentence. While this would entitle the petitioner to have the proceedings remanded to the convicting court for proper assessment of punishment, *Ex parte Murillo*, 528 S.W.2d 127 (Tex.Cr.App.1975); see and cf. *Ex parte Brown*, 575 S.W.2d 517 (Tex.Cr.App.1979), it was observed that some of the other allegations in the habeas corpus petition might entitle petitioner to a new trial, if true. The proceeding was remanded to the trial court with directions to make findings of fact on the unresolved facts which are material to the question of the validity of confinement on the escape charge. It appeared that there was a transcribed statement of facts and the trial court was instructed to transmit it to this Court with its findings.

Upon remand the trial court, without an evidentiary hearing, filed findings of facts and conclusions of law recommending that the petitioner be denied relief. These findings were forwarded to this Court with other portions of the record, but not the statement of facts.

In our second opinion, Tex.Cr.App., 588 S.W.2d 390, it was noted that some of the court's findings were not supported by the record, that no findings were made as to some of the allegations of the habeas corpus petition and that the statement of facts had not been forwarded. The cause was again remanded to the trial court with instructions to hold an evidentiary hearing within thirty days on the said allegations, file findings of facts and conclusions of law, and forward the same with the record of the evidentiary hearing.

Nearly a year after such opinion the trial court, again without an evidentiary hearing and without forwarding the statement of facts, made supplemental findings of fact and conclusions of law and forwarded them to this court.[5] In such findings the court observed that the delay had been due to the fact that the petitioner had been returned to Angelina County from the Department of Corrections for the evidentiary hearing ordered and a day before the hearing he had escaped from jail.

In such supplemental findings the trial court concluded excess punishment had been assessed and that the indeterminate sentence had been misapplied.

The court did not find there had been no admonishment as to punishment, but did find there was error in the admonishment as to the range of punishment. The trial court further concluded there was merit to the allegation that petitioner's plea of guilty was not knowingly and voluntarily made because he was improperly advised as to the range of punishment. Whether the finding refers to the admonishment by the court or to the failure of defense counsel to properly advise petitioner is not clear. The

---

5. In such findings the judge refers to facts that the "transcription of the hearing" in the escape charge had been made available to him and such had refreshed his memory. Still, however, the same has not been furnished to this court as requested.

trial court also found that petitioner's allegations that counsel rendered ineffective assistance because of improper advice as to the proper range of penalty and failure to object thereto was partially with and partially without merit.[6] We conclude that overall in light of appellant's sworn allegations and the findings of the trial court that we are able to accept the finding the plea of guilty was not knowingly and voluntarily entered.

The writ requested shall issue, the judgment and sentence in Cause No. 9562–A upon the docket of the 159th District Court is vacated and the cause is remanded to the said court. It is so ordered.

---

**6.** There is nothing in the record to show what advice the appointed counsel gave to the petitioner with regard to the escape offense except petitioner's allegations. We do not have the statement of facts nor was an evidentiary hearing held. The trial court concludes it did not think counsel was ineffective because there was another case where petitioner was represented by retained counsel and both cases "were worked out by agreement ... with the District Attorney's Office and the other case had a range of punishment of life or a term of years not less than five nor more than ninety–nine years and I am of the opinion that there was a mistake made when the case were (sic) actually carried out in court and that the wrong punishment was assessed to the wrong crime." If this be a sufficient basis for the finding as to the effective assistance of counsel ("partially correct and partially without merit") there is nothing in the record to support the same. The only offense mentioned other than escape is the aggravated robbery offense of which the petitioner was convicted and sentenced on December 20, 1977. The guilty plea to the escape charge was on December 30, 1977. If there was still another offense, the record does not so reflect.