**MIKEY LUKE, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Crim. App. No. 1993-83

T.C. Crim. No. 0785/1992

**JOSEPH HARLEY, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

T.C. Crim. No. 154/1992.

District Court of the Virgin Islands

Div. of St. Croix

April 3, 1996

JACQUELINE W. MILLS, ESQ., St. Croix, U.S.V.I., *for Appellant Luke*

ESZART WYNTER, ESQ., St. Croix, U.S.V.I., *for Appellant Harley*

DARYL D. DONOHUE, ESQ., Assistant Attorney General, Virgin Islands Department of Justice, St. Croix, U.S.V.I., *for named Appellee Government of the Virgin Islands*

MOORE, *Chief Judge*

## OPINION

■■ Before the Court are consolidated appeals challenging the legality of sentences imposed upon convictions based on pleas of guilty.[1] Before reaching the merits of the issue presented by these appeals, however, we must first determine whether we have jurisdiction to hear them. The United States Court of Appeals for the Third Circuit has recently construed the scope of our appellate jurisdiction over appeals from convictions on guilty pleas pursuant to V.I. CODE ANN. tit. 4, § 33 (Supp. 1994) *Government of the Virgin Islands v. Warner*, 48 F.3d 688 (3d Cir. 1995). While the words of section 33, if read in isolation, would appear to prohibit our review of such appeals, the Court of Appeals construed section 33, together with the provisions of the Revised Organic Act, our Virgin Islands "constitution," stating that the Virgin Islands Legislature cannot "preclude the review of any judgment or order which involves the Constitution . . . of the United States,"[2] to hold that section 33 cannot preclude review of an appeal from a guilty plea if it raises a post-plea error of a colorably constitutional magnitude. Distinguishing claims of error before acceptance of the guilty plea, which would not be reviewable, from errors in the sentencing procedure, we are required to examine the allegations of the parties and the issues presented in each appeal from a conviction on a guilty plea to determine whether it raises a post-plea "colorable constitutional claim." *Id.* 691-92.[3] Applying this analy-

---

[1] These cases were consolidated for appeal. Joint Appendix at 6.

[2] Section 23A(a) of The Revised Organic Act of 1954, 48 U.S.C. § 1613a(a) (1995), reprinted in V.I. CODE ANN., Historical Documents, 73-177 (codified as amended) (1995)["Revised Organic Act"].

[3] See Monsanto-Swan v. Government of the Virgin Islands, V.I. BBS 92CR211A.DT5, 1996 WL 77500 (D.V.I. APP. Jan. 25, 1996).

sis, we conclude that appellants' appeals do not raise cognizable "colorable constitutional claims."

Appellants and the Government tendered separate written plea agreements to the same Territorial Court judge in which each appellant agreed to plead guilty to unauthorized possession of a firearm in violation of 14 V.I.C. § 2253(a), in exchange for dismissal of another charge and the Government's recommendation to the court that they be sentenced as youthful offenders under 5 V.I.C. § 3712 rather than to the mandatory minimum six-month jail term required by 14 V.I.C. § 2254(b). Each appellant and the Government additionally sought advance agreement from the trial judge that he would apply section 3712.[4]

The court, however, rejected the plea bargains as offered, refused to be bound to sentence appellants as youthful offenders, and made it clear to each appellant that he could get the mandatory minimum in prison and would not be able to withdraw his plea if he did not get the more favorable sentence. Having been so advised, and understanding that section 3712 treatment was simply the non-binding recommendation of defense counsel and the prosecutor, each appellant nonetheless knowingly and voluntarily chose to, and did, plead guilty. Their guilty pleas were accepted after the court satisfied itself that each appellant knew that the court could reject the joint recommendation and refuse to apply section 3712.[5]

■ Each appellant was sentenced to precisely the six-month mandatory minimum he was advised was a distinct possibility when the court accepted his guilty plea. Since neither Luke nor Harley have presented a "colorable constitutional claim," we have

---

[4] *See* Terr. Ct. Crim. No. 154—1992, Application for Permission to Enter Plea of Guilty, Plea Bargain Agreement; Sentencing, transcript at 9-11 [respectively, "Harley's Change of Plea" and "Harley's Sentencing"]; and Terr. Ct. Crim. No. 154/1992, Hearing for Change of Plea, transcript at 2-3, 6, 7-10; Sentencing, transcript at 4, 6-8 ["Luke's Change of Plea" and "Luke's Sentencing," respectively].

[5] Although appellants have not challenged the validity of their pleas, we have reviewed the colloquy with trial judge at each change of plea. We agree that the guilty pleas were knowingly and voluntarily made. Each appellant and his counsel were fully aware of the terms under which the judge accepted his respective guilty plea. Given the extensive advice which each appellant was given by the court, there can be no "realistic likelihood that [either appellant] labored under the misapprehension that [his plea] could be withdrawn." *United States v. de la Puente*, 755 F.2d 313, 315 (3d Cir. 1985).

no cognizable jurisdictional basis to consider either appeal. These claims do not involve alleged errors in the sentencing procedure after guilty pleas. Neither appellant has a basis to claim that the court reneged on an agreement and thereby deprived him of due process. Whether or not the judge believed he had a choice between the two statutes is immaterial since appellants received sentences which were precisely within the range of options for which they had bargained. Before the court accepted either plea, each appellant knew fully that mandatory jail sentences of six months was a likely consequence of his plea of guilty.

■ These cases were certified for appeal by the Territorial Court on the issue of whether the Youthful Offenders Rehabilitation Act governing the probation of youthful offenders, codified at 14 V.I.C. § 3712, was superseded by the mandatory six-month imprisonment for unauthorized possession of a firearm required by 14 V.I.C. § 2254(b), a later enacted statute. Despite the lower court's certification, we have no jurisdiction to hear this appeal. By pleading guilty under the statute, Luke and Harley each waived any right to claim that the mandatory sentencing requirement of 14 V.I.C. § 2254(b) did not supersede the earlier codified probationary sentence allowed youthful offenders under 5 V.I.C. § 3712.[6]

Based on the foregoing, we find that this Court lacks jurisdiction to consider this appeal. A separate order follows.

### ORDER OF THE COURT

AND NOW, this 3rd day of April, 1996, having considered the submissions and arguments of the parties; and for the reasons set forth in the Court's accompanying Memorandum of even date;

IT IS ORDERED that the above-captioned consolidated appeals

---

[6]Indeed, the trial judge stated at sentencing that regardless of what he deemed a legal constraint on his sentencing discretion, "if [he] had a choice, it [would] be very hard for [him] to justify not imposing a [jail] sentence on [Harley]." Harley's Sentencing, transcript at 11. The judge made a similar comment at Luke's sentencing that even if he had the discretion, he "may very well have done the same thing," that is, have imposed a term of imprisonment. Luke's Sentencing, transcript at 8. We do not view the later comments of the sentencing judge in his Order of April 21, 1993, certifying the issue on appeal, as withdrawing these comments made at sentencing. Joint Appendix at 5.

are DISMISSED for lack of jurisdiction, and the Clerk of the Court is directed to administratively close this file.

DISPOSITION Consolidated appeals DISMISSED.