**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**
**v.**
**JOHNNIE A. MARTINEZ, Appellant**

D.C. CRIM. APP. NO. 1998/015

District Court of the Virgin Islands

Division of St. Croix

November 23, 1999

GEORGE W. CANNON, ESQ., St. Croix, U.S.V.I., *for Appellant*

MAUREEN PHELAN CORMIER, ESQ., *Virgin Islands Dept. of Justice,* St. Thomas, U.S.V.I., *for Appellee*

FINCH, *Chief Judge,* MOORE, HODGE,[1] Sitting by Designation

---

[1] The Honorable Verne A. Hodge retired as Presiding Judge of the Territorial Court on November 6, 1999.

146

## OPINION OF THE COURT

PER CURIAM

Johnnie Martinez, sentenced to 75 years after pleading guilty to second degree murder, appeals his punishment as offensive to the Eighth Amendment. The issue raised on appeal is whether a 75-year sentence for second degree murder constitutes cruel and unusual punishment under the United States Constitution. For the reasons set forth below, the trial court's sentence will be affirmed.

## FACTS AND PROCEDURAL HISTORY

At about 10:30 p.m. on May 23, 1997, Johnnie Martinez ["Martinez," or "appellant"] was leaving the Pueblo Supermarket in Estate Golden Rock, St. Croix when he saw Ean Pemberton ["Pemberton"], whom he alleges had previously shot and seriously injured him. What happened next is disputed. Appellant alleges that Pemberton reached into his waist for what appellant thought was a gun, and based upon their violent past, appellant decided to shoot, and in fact, fatally shot Pemberton. A gun was found on Pemberton, secured in the pocket of a second pair of pants he was wearing.

The evidence the Government of the Virgin Islands ["government" or "appellee"] presented at trial painted a totally different picture of a gang-style shooting in which Martinez sought to avenge his earlier injuries.[2] In support of this view, the government relied upon information from eyewitnesses that contradicted Martinez' claims that he thought Pemberton was reaching for a gun. Witnesses testified that Pemberton did not see Martinez before he was attacked from behind and shot in the back while walking toward the grocery store. Martinez then shot Pemberton seven more times while lying on the ground—three of these shots to the back of the head. According to witnesses, Martinez calmly circled the fallen victim as he inflicted these final wounds. The government also argued that the presence of two vehicles on the

---

[2] The government argued that at the time of the initial shooting, Martinez knew who had shot him, but refused to disclose that information to police or otherwise cooperate in the investigation.

scene, whose occupants had new shirts for Martinez and another man who was with him, is further evidence that this was not a chance meeting with the victim, but an ambush.

Martinez was charged with first degree murder, but pled guilty to second degree murder and unauthorized possession of a firearm during the commission of a crime of violence. The trial court took an *Alford* plea.[3] Apellant's counsel recommended a ten-year sentence for second degree murder and five years for the firearm possession charge. The government, on the other hand, recommended consecutive sentences of thirty-five years for second degree murder and ten years for the firearm charge.

The court initially sentenced Martinez to life imprisonment on the murder charge and 10 years for the firearm charge, but immediately changed it to a term of years for second degree murder. The trial judge imposed a sentence of 75 years on the second degree murder charge and 10 years on the firearm charge, to be served consecutively. On appeal, Martinez claims that his sentence on the murder conviction violates the Eighth Amendment of the Constitution.[4]

## DISCUSSION

### A. Jurisdiction and Standards of Review

■ This Court has appellate jurisdiction to review judgments entered upon a conviction by guilty plea only if the appeal raises a colorable claim under the constitution or laws of the United States. *See* V.I. Code Ann. tit. 4, § 33, construed in *Monsanto-Swan*, 33 V.I. 138, 141, 918 F. Supp. 872, 874 (D.V.I. App. Div. 1996) ("Section 23A(a) of the Revised Organic Act, provides that 'the [Virgin Islands] legislature may not preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States . . . .' 48 U.S.C. § 1613a(a)."); *see also Luke v. Gov't of the Virgin Islands*, 34 V.I. 112, 115, 921 F. Supp. 302, 303 (D.V.I. App. Div. 1996). Since this appeal is based upon a constitutional claim, we have jurisdiction to consider it.

---

[3] *See North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970).

[4] Appellant did not appeal the sentence on the firearm conviction.

148

■ ■ Setting penalties for particular crimes is a legislative function that is accorded great deference by the judiciary. *See Rummel v. Estelle*, 445 U.S. 263, 275-76, 63 L. Ed. 2d 382, 100 S. Ct. 1133 (1980); *Gov't of the Virgin Islands v. Cruz*, 478 F.2d 712, 719 (3d Cir. 1973); *Ruiz v. United States*, 5 V.I. 616, 620, 365 F.2d 500, 502 (3d Cir. 1966). In general, the severity of a sentence is not subject to review so long as it falls within the statutory limits. *Chick v. Gov't of the Virgin Islands*, 941 F. Supp. 49 (D.V.I. App. Div. 1996). A sentence imposed by the trial judge is reviewed for abuse of discretion. *Gov't of the Virgin Islands v. Grant*, 1984 U.S. Dist. LEXIS 16265, 21 V.I. 20 (D.V.I. App. Div. 1984).

## B. Trial Judge Acted Within Statutory Limits

Appellant argues that the sentence imposed offends the Eighth Amendment of the Constitution[5] because: 1) it is more excessive than other sentences for comparable charges in the Virgin islands; and 2) the permissible aims of punishment could have been achieved by less severe punishment. The government contends that the sentence is within statutory guidelines and appropriate given the circumstances of the crime.

■ A sentence that falls within statutory limits is presumptively valid and will not be reversed absent a showing of improper procedure or abuse of discretion. *Hutto v Davis*, 454 U.S. 370, 374, 70 L. Ed. 2d 556, 102 S. Ct. 703 (1982); *United States v. Felder*, 744 F.2d 18, 20 (3d Cir. 1984); *Page v. United States*, 462 F.2d 932 (3d Cir. 1972). Courts in this jurisdiction consistently hold that a sentence within the statutory limits is subject only to limited review. *See Gov't of the Virgin Islands v. Venzen*, 424 F.2d 521 (3d Cir. 1970) (holding that although a sentence of twenty-one years for forgery of checks totaling $178 was "harsh", it did not violate the Eighth Amendment); *Gov't of the Virgin Islands v. Rodriguez*, 423 F.2d 9, 11 (3d Cir. 1970) (holding that a sentence imposed as prescribed by

---

[5] "Excessive bail should not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Eighth Amendment of the Constitution is made applicable to the Virgin Islands by § 3 of the Revised Organic Act of 1954, 48 U.S.C. § 1561. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1994), reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 1998) (preceding V.I. CODE ANN. tit. 1).

statute is a proper exercise of judicial judgment and presents no basis for Eighth Amendment challenge); *Cruz*, 478 F.2d at 719 (rejecting proportionality challenge to a 10-15 year sentence for heroin possession, the court noted, "While this sentence is a long one, it is within the limits determined by the legislature and, therefore, not subject to review here.").

■ The Virgin Islands Code provides in relevant part that "[w]hoever commits murder in the second degree shall be imprisoned for not less than five (5) years . . . ." 14 V.I.C. § 923(b). While the statute provides minimum penalties, it sets no maximum penalty for this offense, giving the trial judge broad discretion in determining the appropriate term in a given case. *Ruiz*, 5 V.I. at 620, 365 F.2d at 501-02; *Gov't of the Virgin Islands v. Berry*, 631 F.2d 214, 218 (3d Cir. 1980). The open-ended statute here is limited only by the requirement that a definite term of years be specified. As the Court of Appeals has noted:

> We think that the dichotomy of § 923 compels the conclusion that the penalty, imprisonment for a period of not less than five years, imposed for the lesser offense, is intended to be less severe than the greater penalty, imprisonment for life, imposed for the greater offense, and must, therefore, be something which is ordinarily less than life imprisonment, namely, imprisonment for a definite term of years. *This is not to say that a sentence to a term of years may not in fact turn out to be longer than the prisoner's actual remaining span of life or that under some circumstances a term of years greater than the prisoner's life expectancy may not be imposed. It is merely to say that the statutory mandate is to impose life imprisonment for first degree murder and imprisonment for a fixed definite term of years, and that only, for murder in the second degree.*

*Ruiz*, 365 F.2d at 501 (emphasis added).

Where the statute sets no ceiling and leaves wide discretion to the sentencing judge, courts defer to the judgment of trial judges because they are in the best position to "evaluate the total person who stands at the bar of justice," considering all the "impressions

gleaned through the senses." *Del Piano v. United States*, 575 F.2d 1066, 1069 (3d Cir. 1978). These impressions factor into what penalty would be better suited to the traditional goals of sentencing, which are: retribution, rehabilitation, deterrence and incapacitation. *See Mistretta v. United States*, 488 U.S. 361, 363, 367, 102 L. Ed. 2d 714, 109 S. Ct. 647 (1989).

In this appeal, the sentence imposed is within the broad range of the statute, and the record reflects the kinds of aggravating circumstances that support judicial discretion in favor of a more severe penalty. Martinez shot the victim from behind and seven more times after he was already down, three of which were to the back of the head. According to witnesses, Martinez calmly walked around the fallen victim, methodically and repeatedly shooting him. Additionally, the trial court noted the facts before it tending to show that this was a revengeful, purposeful killing. The trial court balanced the gravity of this crime, the surrounding circumstances and the culpability of the offender standing before it in determining that this was the appropriate punishment. The judge acted well within her discretion. This appellate Court, therefore, may not second-guess the judgment of the trial judge who had before her all the facts when she decided that the sentence imposed was appropriate. *See Solem v. Helm*, 463 U.S. 277, 290 n.16, 77 L. Ed. 2d 637, 103 S. Ct. 3001 (1983). The trial judge did not abuse her discretion, or act in an arbitrary manner, and the sentence imposed will be affirmed.

■ We reject appellant's claim that his sentence is disproportionate to the offense. Nothing in the circumstances before the trial judge and before this Court suggests that a sentence of seventy-five years is grossly disproportionate to this crime. *See Harmelin v. Michigan*, 501 U.S. 957, 959, 115 L. Ed. 2d 836, 111 S. Ct. 2680 (1991) (In allowing to stand a sentence of life imprisonment without the possibility of parole for possession of over 650 grams of cocaine, the Court ruled that the "Eighth Amendment does not require strict proportionality between the crime and the sentence, but rather forbids only extreme sentences that are grossly disproportionate to the crime."); *see also Solem v. Helm*, 463 U.S. 277, 291 n.17, 77 L. Ed. 2d 637, 103 S. Ct. 3001 (1983) ("The inherent nature of our federal system and the need for individualized sentencing deci-

151

sions result in a wide range of constitutional sentences. Thus, no single criterion can identify when a sentence is so grossly disproportionate that it violates the Eighth Amendment.").

## CONCLUSION

The sentence imposed is within the broad confines of the statute. For the foregoing reasons, the sentence imposed by the trial court will be affirmed.