**JEFFREY WARNER, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

**WARNER v. GOVERNMENT OF THE VIRGIN ISLANDS**

D.C. Crim. App. Nos. 2003-23, 2003-24, 2003-25, 2003-26

District Court of the Virgin Islands

Division of St. Thomas and St. John

August 17, 2004

251

MAUREEN PHELAN, AAG, V.I. Department of Justice, St. Thomas, V.I., *for Appellee*.

DEBRA S. WATLINGTON, ESQ., Territorial Public Defender, St. Thomas, V.I., *for Appellant*.

FINCH, *Chief Judge of the District Court of the Virgin Islands*; MOORE, *Judge of the District Court of the Virgin Islands*; and ROSS, *Judge of the Territorial Court, Division of St. Croix, sitting by designation*.

## MEMORANDUM OPINION

(August 17, 2004)

Jeffrey Warner ["Warner" or "appellant"] appeals the trial court's imposition of a sentence of life imprisonment under 14 V.I.C. § 923(b). Warner argues the life term imposed by the court was not permitted under the applicable statute and, therefore, constituted an improper exercise of discretion. For the reasons stated below, Warner's sentence will be vacated and the matter remanded for resentencing.

## I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

The appellant was charged with a total of 63 criminal violations in four separate informations, including nine counts of aggravated rape in the first degree, sixteen counts of rape in the first degree, one count of murder in the first degree, and one count of murder in the second degree. [Appellant's Br. at 3-6; Joint Appendix ("J.A.") at 41-88]. The government subsequently offered the appellant a global plea agreement to dispose of all four cases, which the appellant accepted. Pursuant to the terms of that

252

agreement, the appellant pled guilty to three counts of aggravated rape in the first degree and one count of murder in the second degree. [Appellant's Br. at 5; J.A. at 11-12]. On December 17, 2002, the appellant was sentenced to four consecutive life sentences, including a life sentence for his conviction of second degree murder. [J.A. at 35-40]. The appellant now appeals the life sentence imposed for his conviction of murder in the second degree, arguing that life sentence exceeded the maximum sentence allowed under Virgin Islands law.

## II. JURISDICTION

■ The parties contest this Court's jurisdiction to consider this appeal. The appellant contends jurisdiction is proper under title 4, section 33 of the Virgin Islands Code, which provides appellate jurisdiction to review the orders and judgments of the Territorial Court, to the extent prescribed by Virgin Islands law. *See* V.I. CODE ANN. tit. 4, § 33 (1997 & Supp. 2001).[1] Our jurisdiction to review a conviction based on a plea of guilty is significantly circumscribed under section 33, which provides in part:

> The district court has appellate jurisdiction to review the judgments and orders of the territorial court in all civil cases, in all juvenile and domestic relations cases, and in all criminal cases in which the defendant has been convicted, other than on a plea of guilty.

4 V.I.C. § 33. However, this section must be read in concert with Section 23A of the Revised Organic Act, which prohibits local law from impinging on a litigant's right to obtain review of judgments or orders implicating rights protected under the Constitution or by federal law. Revised Organic Act of 1954, § 23A; 48 U.S.C. § 1613a. Thus, although the literal wording of section 33 suggests this Court has no power to review an appeal of a sentence imposed pursuant to a guilty plea, this Court's jurisdiction is properly invoked to the extent the challenged issues implicate "the Constitution, treaties, or laws of the United States." *See id.; see also Virgin Islands v. Warner*, 48 F.3d 688, 691-93, 31 V.I. 373 (3d Cir. 1995) (holding this Court has jurisdiction to hear post-plea

---

[1]     Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. The Revised Organic Act of 1954 is found at 48 U.S.C. §   1541-1645 (1995 & Supp. 2003), *reprinted in* V.I. CODE ANN., Historical Documents, 73-177 (codified as amended) (1995) ["Revised Organic Act"].

appeals of sentences that raise colorable constitutional claims); *Chick v. Virgin Islands*, 941 F. Supp. 49, 51 (D.V.I. App. Div. 1996).

■ We disagree with the government's assertions that this appeal raises questions of only local law, depriving this Court of jurisdiction under the precepts noted above. The appellant asserts the trial court imposed a sentence that exceeded the maximum term allowed under Virgin Islands law. Although the appellant's argument does not specifically refer to any provision of the Constitution or federal law, his claim clearly raises concerns surrounding constitutional due process. Accordingly, the appellant having raised a colorable constitutional claim, this Court may properly exercise jurisdiction to consider this appeal. *See Warner*, 48 F.3d at 692.

### III. STANDARD OF REVIEW

■■ Generally, this Court will not review a sentence which falls within the bounds prescribed by the applicable statute. *See Virgin Islands v. Grant*, 21 V.I. 20, 29 (App. Div. 1984). In that regard, the trial court's sentencing determination will be interfered with only upon a showing of illegality or abuse of discretion. *See Grant*, 21 V.I. at 29; *see also Peters v. Virgin Islands*, 299 F. Supp. 2d 490, 491-92 (D.V.I. App. Div. 2004); *Magras v. Virgin Islands*, 2001 U.S. Dist. LEXIS 22171 (D.V.I. App. Div. 2001). To the extent the appellant's appeal of his sentence raises constitutional claims, however, this Court's review is plenary. *See Nibbs v. Roberts*, 31 V.I. 196, 204 (D.V.I. App. Div. 1995).

### IV. DISCUSSION

Warner argues the trial court erred in imposing a life sentence for second degree murder—a penalty not provided under the applicable statute. Relying on the Third Circuit's pronouncements in *Ruiz v. United States*, 365 F.2d 500, 5 V.I. 616 (3d Cir. 1966), Warner argues the trial court could not properly impose a life sentence which was not expressly provided in the statute. However, the government questions the continued force of *Ruiz*, arguing that a subsequent amendment to the applicable statute removed the concerns raised by the *Ruiz* court.

As is by now axiomatic, setting the appropriate penalties for crimes is a legislative function which is to be accorded great deference by the judiciary. *See Ruiz*, 365 F.2d at 502; *Government of Virgin Islands v. Richardson*, 498 F.2d 892, 894, 11 V.I. 213 (3d Cir. 1974); *Rummel v.*

*Estelle*, 445 U.S. 263, 275-76, 63 L. Ed. 2d 382, 100 S. Ct. 1133 (1980); *see also Martinez v. Virgin Islands*, 42 V.I. 146 (App. Div. 1999). In view of this deference, this circuit has noted that a life sentence is not to be imposed unless expressly permitted by statute. *See e.g.*, *Ruiz*, 365 F.2d at 502. The legislature's prerogative to establish particular penalties. must particularly be honored where its intent to provide for separate sentencing schemes for each level of the offense is clear. Such is the case with section 923, which provides in relevant part:

> (a) Whoever commits murder in the first degree shall be imprisoned for the remainder of his natural life without parole.

> (b) Whoever commits murder in the second degree shall be imprisoned for not less than five (5) years ... .

14 V.I.C. § 923 (1997 & Supp. 2003).

In reviewing a similar challenge to a sentence under section 923(b), the Court of Appeals in *Ruiz* held that the punishment schemes provided in section 923 precluded imposition of a life term for second degree murder and imported a clear legislative intent to limit the sentence for that crime to a set term of years. *See Ruiz*, 365 F.2d at 501-02. Accordingly, *Ruiz* expressly held that a life term under that statute would be improper. The Court explained:

> We think that the dichotomy of § 923 compels the conclusion that the penalty, imprisonment for a period of not less than five years, imposed for the lesser offense, is intended to be less severe than the greater penalty, imprisonment for life, imposed for the greater offense, and must, therefore, be something which is ordinarily less than life imprisonment, <u>namely, imprisonment for a definite term of years</u>. This is not to say that a sentence to a term of years may not in fact turn out to be longer than the prisoner's actual remaining span of life or that under some circumstances a term of years greater than the prisoner's life expectancy may not be imposed. <u>It is merely to say that the statutory mandate is to impose life imprisonment for first degree murder and imprisonment for a fixed definite term of years, and that only, for murder in the second degree</u>.

*Ruiz*, 365 F.2d at 501 (emphasis added). As the above-quoted paragraph notes, the *Ruiz* Court also expressly rejected the notion that a term of

years imposed for second degree murder must necessarily be less than a life term, but expressed the requirement that the penalty for that crime be a definite term of years. *Id.*

In this instance, the trial court held, and the government now argues, that the holding in *Ruiz* is rendered inapplicable by a subsequent amendment to the underlying statute reviewed in that case. We disagree. Indeed, while the murder statute which was before the *Ruiz* Court has since been amended, that amendment merely enhanced the statutory penalty for first degree murder under section 923(a) from life imprisonment to life imprisonment without the possibility of parole. The penalty established for second-degree murder under section 923(b) remained imprisonment for not less than five years.[2] The trial court reasoned that an enhancement in the first degree murder penalty to life imprisonment without the possibility of parole now makes a mere life sentence less severe than that of the greater offense and, therefore, does not present the dilemma noted in *Ruiz*.[3] This argument ignores the totality of *Ruiz'* holding. Contrary to the position taken by the trial court and the government, *Ruiz'* command that the legislature's will must be honored did not hinge only on the need to ensure that the penalty for second degree murder was less severe than that for first degree murder. Rather, the Court's holding additionally expressed significance in the legislature's express designation of two punishment schemes and in the fact that the legislature knew how to impose a life term when it so intended, as evidenced by related statutes doing so, but chose not to do so for the crime of second degree murder. *See Ruiz*, 365 F.2d at 501-02.

---

[2] Since the *Ruiz* decision, section 923 has been amended twice by the Virgin Islands Legislature. In 1973, the Legislature amended subsection (b) by adding a provision relating to sentencing of persons convicted of murdering a law enforcement officer. In 1974, the Legislature amended subsection (a) by replacing the word "life" with the words "the remainder of his natural life without parole." *See* 14 V.I.C. § 923, Historical Notes.

[3] The trial court reasoned:

The amended statute provides that one convicted of first degree murder shall be sentenced to a term of life imprisonment without parole. The passage of this amendment allowed for a clear differentiation between the penalties of 'life imprisonment' and 'life imprisonment without parole.' This differentiation between these two penalties allow [sic] for a clear demarcation of severity between the two penalties.

[J.A. at 38] (emphasis in original).

256

Thus, the *Ruiz* Court held it was improper for the judiciary to impose a penalty not expressly provided by the legislature:

> [W]e are in accord with the Court of Criminal Appeals of Texas which held ... that <u>imprisonment for life is not for a term of years and is authorized only when the statute so provides</u>. We are fortified in this view by the fact that the Legislature of the Virgin islands knew how to authorize <u>in the same statute</u> the imposition of imprisonment for a term of years with a permissible maximum of life imprisonment when it wanted to do so. For this is exactly what it did in 14 V.I.C. § 61 which provides that an habitual criminal may be imprisoned 'for a term of not less than 10 years, and the maximum thereof shall be the remainder of his natural life.'

*Id.* (emphasis added) (internal quotation marks in original; internal citations omitted). The full import of *Ruiz*, therefore, is that the court is without authority to impose a "life sentence" unless the legislature provides that penalty in the statute. Rather, where a statute such as section 923(b) leaves open the maximum penalty which may be imposed, the court is left to exercise its discretion in setting a fixed term of years appropriate to the crime and the defendant. We cannot read the amendment enhancing the penalty provision of section 923(a) as granting judicial license to impose a penalty which the legislature obviously saw it fit not to permit under section 923(b) and which is in direct opposition to the stated penalty provision. Moreover, it must be noted that *Ruiz* has not been overruled—either expressly or by implication. Indeed, the Third Circuit reaffirmed its holding in *Ruiz* several years after the amendment to the statute, noting in *Government of Virgin Islands v. Berry*, 631 F.2d 214, 17 V.I. 623 (3d Cir. 1980):

> The Virgin Islands legislature has established a minimum sentence and no maximum sentence for second-degree murder. V.I. CODE ANN. tit. 14, s 923(b) (Supp. 1978). There is an upper limit to the sentence in the sense that a sentence for second-degree murder under s 923 must be for a fixed term of years and may not be a sentence of life imprisonment.

*Id.* at 218 (reviewing Eighth Amendment challenge) (citing *Ruiz*, 365 F.2d 500, 5 V.I. 616). Following *Ruiz* and *Berry*, this jurisdiction has similarly declared on several occasions, albeit in dicta, that a missing

term or an open-ended sentence may be filled only by imposing a specific term of years *other than life imprisonment* and that a life term is proper only when provided by statute. *See e.g., United States v. Bruney*, 866 F. Supp. 874, 878 n.11, 30 V.I. 360 (1994) (Moore, J.); *Martinez v. Virgin Islands*, 42 V.I. 146 (App. Div. 1999). The position promoted by the government is contrary to the teachings of *Ruiz* and the earlier pronouncements of our courts and is inapposite to the well-settled law that setting a penalty of life imprisonment is to be reserved to the legislature.

We are unpersuaded by the authorities offered by the government in support of a contrary holding. In *Williams v. State*, 81 N.M. 605, 471 P.2d 175 (1970), the appellate division rejected a challenge by the appellant to apply *Ruiz* to overturn his life sentence for second-degree murder. That court construed the applicable statute in that jurisdiction, which provided:

> Every person convicted of murder in the first degree shall suffer death unless the jury trying said cause shall specify life imprisonment in the penitentiary in lieu of death; and in case the jury trying the cause shall specify life imprisonment, the judge shall sentence the person convicted to life imprisonment. Every person convicted of murder in the second degree shall be punished by imprisonment in the state penitentiary for any period of time not less than three (3) years; every person convicted of manslaughter shall be punished by imprisonment in the state penitentiary for a period of time not less than one (1) year nor more than ten (10) years.

*Id.* at 176. The court expressly declined to follow the precedent of the Third Circuit and instead upheld its own precedent permitting imposition of a life term for the lesser crime, reasoning the statute there, which permitted the harsher death sentence for first degree murder, was not comparable to the pre-amendment Virgin Islands' murder statute. *Id.* Thus, that court held the reasoning of *Ruiz* inapplicable where the relevant statute expressly provided a penalty more severe than life imprisonment for the greater offense. *See id.* Given the death penalty provided for first degree murder, the *Williams* court further construed the penalty of "any period of time not less than three (3) years" for second degree murder to permit a maximum term of life imprisonment for that

258

crime. However, neither the *Williams* case nor *State v. England*, 180 W. Va. 342, 376 S.E. 2d 548, 561 (1988), also cited by the government, is binding on this jurisdiction, and both are unpersuasive in light of contrary precedent in this circuit and the admittedly differing statutory schemes. The same must be said for *United States v. Sandoval*, 241 F.3d 549, 551 (7th Cir. 2001) (reviewing *Apprendi* challenge under 18 U.S.C. § 924(c)(1)(A); noting that the maximum penalty under the statute, which set only minimum terms for three offense levels, was life imprisonment). Our research has revealed no mandatory authority that compels us to depart from *Ruiz* and, in light of its continued force, Warner's sentence must be set aside.

## V. CONCLUSION

■Imposing a life term for second degree murder, where the legislature expressly determined the appropriate penalty to be a set term of years, would be tantamount to judicial interference with a legislative function and is inapposite to the prevailing authorities in this jurisdiction. Accordingly, Warner's life sentence will be vacated and resentencing ordered to comport with the statute.