**JAMES HENRY, Appellant**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**
**HENRY v. GOVERNMENT OF THE VIRGIN ISLANDS**

D.C. Crim. App. No. 2002/161

District Court of the Virgin Islands

Division of St. Croix

October 6, 2004

*For Appellant*: JACQUELINE A. DREW, ESQ., St. Croix, U.S.V.I.

*For Appellee*: MAUREEN PHELAN, AAG, St. Croix, U.S.V.I.

FINCH, *Chief Judge, District Court of the Virgin Islands*; MOORE, *Judge of the District Court of the Virgin Islands*; and KENDALL, *Judge of the Territorial Court, Sitting by Designation.*

## MEMORANDUM OPINION

(October 6, 2004)

James Henry ["Henry", "appellant"] was convicted and sentenced in Territorial Court pursuant to a guilty plea. He now seeks to have that sentence vacated and a resentencing ordered on grounds the Government's harsh sentencing recommendation constituted a breach of its plea agreement. The following issues are presented for review: 1) Whether the prosecution breached its promise not to request a life sentence when it recommended a sentence whose combined total amounted to 65 years; 2) Whether the court erred in adopting the prosecution's sentencing recommendations; and 3) Whether the court erred in failing to advise the appellant that it had rejected the plea agreement. In view of the permissible statutory penalties, the inexorably plain language of the agreement, and the Government's sentencing

recommendation in line with that agreement, this Court will deny Henry's request for vacatur of his sentence.

## I. STATEMENT OF FACTS AND PROCEDURAL POSTURE

Henry, an elder and bus driver in his church, was charged in an eight-count information with having sexual intercourse and other sexual contact with several young children under the age of 13 from his congregration over a period of several years. [Joint Appendix ("J.A.") at 4-6]. Henry entered a guilty plea to one count of aggravated rape, unlawful sexual contact and child abuse, in connection with separate incidents involving three young children, as reflected in Counts 1, 5, and 10 of the information. [J.A. at 4-6, 48-49]. In exchange for that guilty plea, the prosecution dropped the remaining charges. Henry asserts he pled guilty to those counts to avoid a possible life sentence, which was expressly permitted under the aggravated rape statute. [*See* Br. of Appellant at 2]. As part of the plea agreement, the government agreed it would not recommend a life sentence. [J.A. at 8-9]. The government, however, retained the right to allocute at sentencing. At sentencing, the government did not request a "life term" but, rather, requested a total of 65 years imprisonment: 30 years on the aggravated rape charge, which had a 10-year mandatory minimum or, alternatively, a sentence for life; 15 years for the charge of unlawful sexual contact first degree, the maximum allowable under the statute; and 20 years for the charge of child abuse, the maximum allowable under the statute. [J.A. at 41-42]. The trial court sentenced Henry as follows: 20 years on the aggravated rape charge; 15 years for unlawful sexual contact first degree; and 15 years for child abuse, all to be served consecutively. [J.A. at 44-45]. This appeal followed.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction "to review the judgments and orders of the territorial court in all ... criminal cases in which the defendant has been convicted, other than on a plea of guilty." V.I. CODE ANN. tit. 4, § 33 (1997 & Supp. 2001).[1] However, notwithstanding this statutory

---

[1] *See* Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2000), *reprinted*

limitation, it is well-settled that our appellate jurisdiction also extends to convictions resulting from guilty pleas where constitutional rights are implicated. *See Virgin Islands v. Warner*, 48 F.3d 688, 691-92, 31 V.I. 373 (3d Cir. 1995) (noting that section 33 must be construed with the Revised Organic Act, 48 U.S.C. § 1613a(a), which prohibits courts from denying judicial review of claims involving the Constitution, treaties, or laws of the United States."). Such rights are implicated here, where the issue raised on appeal is whether the Government breached its plea agreement with the appellant. *See Dunn v. Colleran*, 247 F.3d 450, 461-62 (3d Cir. 2001) (noting that plea agreements induce a defendant to forfeit important constitutional rights, and breach of such agreements implicates constitutional due process); see also *Santobello v. New York*, 404 U.S. 257, 262-63, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971) (a guilty plea induced by an unkept bargain is deemed involuntary). Thus, we assume jurisdiction over appellant's claims.

Whether the government's conduct violates a plea agreement with the defendant is a question of law subject to plenary review, notwithstanding the defense's failure to raise the issue below. *See United States v. Rivera*, 357 F.3d 290, 293-94 (3d Cir. 2004) (noting that plenary review applies regardless of whether defendant preserves the error for appeal because of the important rights a plea agreement implicates) (citations omitted).[2]

## B. Whether the Government Breached Its Plea Agreement.

Because of the constitutional rights a defendant necessarily forfeits when entering a guilty plea, the prosecution's strict adherence to the bargain in a plea agreement is required. *See United States v. Queensborough*, 227 F.3d 149, 156, 43 V.I. 231 (3d Cir. 2000); *United States v. Moscahlaidis*, 868 F.2d 1357, 1361 (3d Cir. 1989). The prosecution's failure to uphold its bargain—even if inadvertent—violates constitutional due process and requires that the sentence be vacated. *See Santobello v. New York*, 404 U.S. 257, 262-63, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971) (a guilty plea induced by an unkept bargain is deemed involuntary); *United States v. Martin*, 788 F.2d 184, 187 (3d Cir. 1986).

---

*in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1) ["Rev. Org. Act"].

[2] It is apparent the appellant raised no objection at the sentencing hearing nor sought post-conviction relief in the trial court.

It is not required that the breach be shown to have actually influenced the judge or the sentence; rather, the fact of the breach is sufficient. *See Martin*, 788 F.2d at 187. The defendant bears the burden to establish by a preponderance of the evidence that a breach occurred. *See United States v. Huang*, 178 F.3d 184, 187 (3d Cir. 1999); *United States v. Hayes*, 946 F.2d 230, 234-35 (3d Cir. 1991).

██ As plea agreements are deemed contracts, the court must resort to contract law in interpreting the agreement or in determining whether a breach occurred. *See Santobello*, 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495; *see also United States v. Isaac*, 141 F.3d 477, 481-482, 39 V.I. 498 (3d Cir. 1998). That determination focuses on "whether the government's conduct was consistent with the parties' reasonable understanding of the agreement." *See Queensborough*, 227 F.3d at 156. Thus, our inquiry into whether the agreement was breached must begin with the plain and unambiguous terms of the agreement, which must be given effect. *See* RESTATEMENT (SECOND) OF CONTRACTS § 212 (1981).[3] In that regard, the Court must preliminarily determine whether the contract is unambiguous and, if so, interpret its meaning as a matter of law and give effect to its express language. *Cf. University of the V.I. v. Petersen-Springer*, 232 F. Supp. 2d 462, 469-70 (D.V.I. App. Div. 2002) (citing *Hullett v. Towers, Perrin, Forster & Crosby, Inc.*, 38 F.3d 107, 111 (3d Cir. 1994)); RESTATEMENT § 212. An ambiguity exists where the challenged provision is reasonably susceptible of different meanings. *See e.g., Mellon Bank, N.A. v. Aetna Business Credit, Inc.*, 619 F.2d 1001, 1011 (3d Cir. 1980); *Gulf Trading Corp. v. National Enters.*, 912 F. Supp. 177, 179, 33 V.I. 129 (App. Div. 1996). In determining whether a contract term is ambiguous, the Court may search outside the four corners of the agreement and look to the context of the transaction and its subject matter, common meanings of the challenged term, the relation of the parties, and the contract as a whole. *See e.g.,* RESTATEMENT § 212 comment b, § 202 comment e.

Henry pled guilty to one count of aggravated rape under title 14, section 1700(a)(1) of the Virgin Islands Code. That statute provides in relevant part: "(a) Whoever perpetrates an act of sexual intercourse or sodomy with a person not the perpetrator's spouse: (1) Who is under the

---

[3] The rules of the common law, as expressed in the restatements of the law, have been adopted as substantive law of the Virgin Islands in the absence of local law to the contrary. *See* 1 V.I.C. § 4.

age of thirteen ... is guilty of aggravated rape in the first degree and <u>shall be imprisoned for life or for any term of years, but not less than 15 years</u>." V.I. CODE ANN. tit. 14, § 1700(a). Henry additionally pled guilty to the charge of unlawful sexual contact in the first degree, in violation of title 14, section 1708, and to child abuse as provided in title 14, section 505. Those charges carried maximum terms of incarceration of 15 years and 20 years with a minimum fine of $500, respectively. Thus, the appellant could have been sentenced to life imprisonment on the aggravated rape charge, plus 35 years on the remaining charges. Alternatively, he faced a minimum of 10 years on the aggravated rape charge and 35 years on the remaining counts. The terms of the plea agreement permitted the government to allocute at sentencing but barred it from recommending the maximum statutory sentence of life' imprisonment. [J.A. at 9, 36]. At sentencing, the government recommended a sentence of 30 years for the aggravated rape charge and the maximum allowable terms of 15 and 20 years, respectively, for the two remaining counts. The government also recommended that the sentence be served consecutively. Appellant argues that, in seeking a 65-year consecutive term of imprisonment for a 57-year old defendant, the government effectively reneged on its agreement not to recommend a "life sentence", notwithstanding its failure to use that specific terminology.

 The statute under which Henry was charged provide two sentencing schemes: 1) imprisonment for a minimum of 10 years or for any term of years; 2) imprisonment for life. A "life sentence" is a term of art which requires confinement for the duration of the defendant's "natural life" rather than for a term of years. BLACK'S LAW DICTIONARY 1363 (6th ed. 1990); *see also* RESTATEMENT § 202 (technical terms and words of art are to be given the meaning understood in the appropriate field); *cf. Ruiz v. United States*, 365 F.2d 500, 502, 5 V.I. 616 (3d Cir. 1966) (noting life term may be imposed only when expressly authorized by statute). Conversely, a sentence for a set term of years specifies a time certain for the period of confinement. There is no requirement in this jurisdiction that a specified term of years be measured by the defendant's natural life expectancy. To the contrary, our courts have rejected any notion that a sentence for a term is required to be less than a life term. *See Ruiz*, 365 F.2d at 502; *see also Virgin Islands v. Martinez*, 42 V.I. 146 (App. Div. 1999). While *Martinez* and *Ruiz* were decided in the context of a different statute, their holding surrounding the distinctions in

346

a life term versus one for a specific number of years are instructive on the issue now before this Court.

In *Martinez*, we had occasion to review a challenge to a sentence under title 14, section 923 of the Virgin Islands Code. Under that statute, the more serious offense of first degree murder was punishable by life imprisonment. *See Martinez*, 42 V.I. 146. However, for the lesser offense of second degree murder, that statute provided a minimum term of five years but set no maximum penalty. The defendant pled guilty to murder second degree and was sentenced to 75 years imprisonment. On appeal, the defendant raised an Eighth Amendment claim arguing, *inter alia*, the lengthy sentence was inappropriately more severe than the life term available for first degree murder under that statute. *Id.* There, we determined that a statute which establishes a minimum sentence but leaves open the maximum term of years that may be imposed reserves significant discretion in the court to determine an appropriate term most fitting to the facts and circumstances of the crime. *Id.* Our decision in *Martinez* made clear that the lengthy term could not be equated with a life sentence, nor was there a requirement that a sentence for a term of years be set below that permissible under a sentence designated as one for life. Rather, we said that the statute merely left to the judge's discretion the ability to impose a sentence fitting to the particular defendant and the nature of the crime, in line with the goals of punishment. *Id.* (upholding 75-year sentence).

In *Ruiz*, on which we relied in part in deciding *Martinez*, the Third Circuit Court of Appeals held in reviewing the statutory scheme under section 923 that where the statute provides for life imprisonment for one offense level and only a minimum term of years for a lower level of the offense, the court is bound only by the requirement that a defendant convicted under the lower offense be sentenced to a definite term of years. *Id.* at 501 (discussing murder statute which required life term for first degree murder, but which required only a sentence of no less than 5 years for second degree murder). There, the Court explained:

> We think that the dichotomy of § 923 compels the conclusion that the penalty, imprisonment for a period of not less than five years, imposed for the lesser offense, is intended to be less severe than the greater penalty, imprisonment for life, imposed for the greater offense, and must, therefore, be something which is ordinarily less than life imprisonment, namely, imprisonment for a definite term of

years. This is not to say that a sentence to a term of years may not in fact turn out to be longer than the prisoner's actual remaining span of life or that under some circumstances a term of years greater than the prisoner's life expectancy may not be imposed. It is merely to say that the statutory mandate is to impose life imprisonment for first degree murder and imprisonment for a fixed definite term of years, and that only, for murder in the second degree.

*Ruiz*, 365 F.2d at 501(emphasis added).

Here, as in the statute reviewed in *Martinez* and *Ruiz*, the Legislature provided for penalties of both life imprisonment or a term of years under section 1700. However, unlike the statute considered in those decisions, which set different penalties based on the offense levels, the penalties in section 1700 are provided as alternatives for the same offense based on the court's discretion. The minimum penalty for an offense under section 1700 is set at 10 years, with maximum penalties of life imprisonment or for "any term of years" over the statutory minimum. This express distinction within the statute negates the appellant's argument that the plea agreement was ambiguous or that a "life sentence," which the government was precluded from recommending, also implicitly encompassed a term of years measured—or limited—by the defendant's natural life, rather than by the actual designation of that penalty. This conclusion is bolstered by the widely accepted distinctions of a "life sentence" versus a sentence for a term of years. It is also significant that the plea agreement included no provision precluding the Government from recommending consecutive sentences, which the appellant now contends contributed to the harsh effect of the sentence.

Notably, section 1700 provided serious penalties for what are admittedly serious offenses. Indeed, even the *minimum* penalty under section 1700, when coupled with the statutory terms for the remaining offenses, would have subjected the appellant to 45 years in prison. Were we to adhere to the appellant's reasoning, a sentencing recommendation in accordance with even those terms would also be the equivalent of a life term, given the appellant's advanced age at the time of sentencing and his anticipated life span. Despite the broad provision permitting sentencing for "any term of years" and the two separate punishment schemes provided in the statute, the parties saw it fit to specifically preclude the government from recommending only a life sentence. This,

it did not do.[4] As agreed in the plea agreement, the government refrained from recommending a "life sentence", which was expressly permitted under section 1700. Rather, the Government merely recommended a term of years it thought fitting to the crimes committed and also recommended equally severe penalties for the offenses under sections 1708 and 505.

■ Given the express penalty of life imprisonment provided in the statute and the alternative penalty of "any term of years" which was permissible under the same provision, this Court finds the terms of the plea agreement to be unambiguous and adheres to its plain language in concluding no breach occurred. The government's recommendation was within the sentence permissible under the applicable statutes and did not run afoul of the plain language of the plea agreement.[5]

### III. CONCLUSION

Given the common meaning of a sentence for life, the specific statutory provision permitting either life imprisonment or imprisonment for a set term of years, and the parties' acknowledgment of those two schemes by specifically singling out a life sentence in their agreement, the language of the plea agreement cannot be said to be ambiguous. On these facts and under the plain language of the agreement, there is no support for the conclusion that the plain terms of that agreement were

---

[4] Appellant additionally argues the trial court erroneously adopted the prosecution's sentencing recommendations and failed to advise the appellant that it had rejected the plea agreement. There is no support in the record for any of these assertions. Indeed, following the Rule 11 proceeding, the trial court expressly accepted the plea agreement and also apparently adhered to the agreement that appellant not be given a life term. The court then sentenced appellant according to the penalties deemed appropriate by the legislature. Appellant's arguments are, therefore, rejected as meritless and must be rejected in any event, because this Court concludes the plea agreement was not breached.

[5] The cases relied on by the appellant are readily distinguishable and lend no support to the appellant's arguments. See *United States v. Moscahlaidis*, 868 F.2d 1357, 1358-60 (3d Cir. 1989) (reviewing challenge to prosecution's statements extremely derogatory of the defendant and specifically intended to influence a harsher sentence, where prosecutor had agreed "not take a position relative to whether or not a custodial sentence shall be imposed ... ."); *United States v. Hayes*, 946 F.2d 230, 235 (3d Cir. 1991) (prosecution promised to make no sentencing recommendation but then expressly did so); *Robinson v. People*, 66 Ill. App. 3d 601, 384 N.E.2d 420, 422, 23 Ill. Dec. 626 (1978) (breach found where prosecutor agreed to recommend concurrent sentences totaling four to eight years but instead recommended imprisonment of six to 18 years imprisonment after the defendant twice failed to appear in court for sentencing).

breached. Accordingly, this court affirms the appellant's sentence and rejects his request for vacatur of the same.