**JOHVERN MEYERS, Appellant**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Crim. App. No. 2004-119

District Court of the Virgin Islands

Division of St. Thomas and St. John

August 25, 2006

461

DEBRA SMITH WATLINGTON, TPD, St. Thomas, U.S.V.I., *For the Appellant.*

MAUREEN PHELAN, AAG, St. Thomas, U.S.V.I., *For the Appellee.*

FINCH, *Chief Judge, District Court of the Virgin Islands*; GOMEZ, *Judge of the District Court of the Virgin Islands*; and STEELE, *Judge of the Superior Court of the Virgin Islands, Sitting by Designation.*

## MEMORANDUM OPINION

(August 25, 2006)

The appellant, Johvern Meyers ["Meyers"] challenges a sentence of three years imprisonment and a $15,000 fine that he received from the

462

Superior Court[1] following his plea of guilty to a charge of unauthorized possession of a firearm.

## I. FACTS AND PROCEDURAL HISTORY

On September 26, 2003, Meyers was stopped by officers of the Virgin Islands Police ["VIPD"] on St. Thomas, Virgin Islands, because a vehicle he was driving did not have a license plate. The police officers questioned Meyers about the license plate, and Meyers told them that he had borrowed the vehicle and did not have a driver's license. The VIPD then frisked Meyers and discovered a Smith and Wesson .357 magnum hand-gun on his person. After discovering the handgun, the police searched Meyers' vehicle and discovered ammunition for the .357 magnum hand-gun under the driver's seat. The VIPD checked the Virgin Islands firearms registry and determined that Meyers did not have a license to possess a firearm in the Virgin Islands.

Meyers was arrested and charged with unauthorized possession of a firearm, possession of ammunition, operating a vehicle without a license plate, and operating a vehicle without a driver's license. Subsequently, he pled guilty to the charge of unauthorized possession of a firearm. 14 V.I.C. § 2253(a).[2]

During his sentencing hearing, Meyers argued that he needed the gun for protection. He also argued that he was unemployed and unable to pay the mandatory $15,000 fine. The Superior Court accepted Meyers' guilty plea, and sentenced him to three (3) years in prison and a $15,000 fine. Meyers timely appealed.

---

[1] At all times relevant to this appeal, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the terms Superior Court and Superior Court Judge.

[2] 14 V.I.C. § 2253(a) provides that:

(a) Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either, actually or constructively, openly or concealed any firearm, as defined in Title 23, section 451(d) of this code, loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment of not less than six months nor more than five years and shall be fined $15,000 ...

## II. DISCUSSION

Meyers argues that, as a first-time offender, his prison term is unconstitutional because the sentence does not contribute to the goals of punishment and is disproportionate to the severity of his "victimless" crime. He contests the fine as one that is excessive and that "shocks the conscience." Additionally, he argues that he is unable to pay the fine and that it is unconstitutional as applied to him.

The government counters that the prison sentence is constitutional. As to the fine, the government notes that, if Meyers had been convicted in a federal court of the same offense, he would face a fine of up to $250,000. 18 U.S.C. § 3571(b)(3). The government also argues that nothing in the record indicates that Meyers was or will be unable to pay the fine.

This Court has jurisdiction to review final judgments and orders of the Superior Court of the Virgin Islands. See The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which repealed 4 V.I.C. §§ 33-40, and reinstating appellate jurisdiction in this Court);[3] Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a.

While a conviction based on a guilty plea is not normally appealable, this Court reviews convictions where constitutional claims are raised by the party that pled guilty. *Henry v. Virgin Islands*, 340 F. Supp. 2d 583, 585-86, 46 V.I. 341 (D.V.I. App. Div. 2004). "To the extent a challenge to a guilty plea is based on constitutionally protected rights, our review is plenary." *Warner v. Virgin Islands*, 332 F. Supp. 2d 808, 810, 46 V.I. 251 (D.V.I. App. Div. 2004).

## III. ANALYSIS

### A. The Sentence

The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.[4] Prison sentences violate the Eighth amendment when they "(1) make no measurable contribution.to

---

[3]     Our jurisdiction in this regard was previously provided under 4 V.I.C. § 33.

[4]     The Eighth Amendment is made applicable to the Virgin Islands by section 3 of the Revised Organic Act of 1954. 48 U.S.C. § 1561. The complete Revised Organic Act of 1954 is found at 48 U.S.C §§ 1541-1645 (1994), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

acceptable goals of punishment ...; or (2) are grossly out of proportion to the severity of the crime." *Coker v. Georgia*, 433 U.S. 584, 591-2, 97 S. Ct. 2861, 53 L. Ed. 2d 982 (1977). The appellant bears the burden to show that "the gravity of his crime of conviction is so outweighed by the harshness of his sentence that we are led to reach an inference of gross disproportionality." *United States v. MacEwan*, 445 F.3d 237, 250 (3d Cir. 2006).

█ Meyers was sentenced to three years imprisonment for possessing a firearm. The punishment for this crime is based on the potential for harm that such possession entails. *See Virgin Islands v. King*, 31 V.I. 78, 86-87 (Terr. Ct. 1995) (noting the legislature's concern about the "apparent rise in the illegal possession and use of firearms") (emphasis added). While the unauthorized possession of a firearm "may in and of itself be a victimless crime, the use or, as in this case, the intended use of that firearm may create circumstances where there are specific victims of the offense." *United States v. Powell*, 6 F.3d 611, 614 (9th Cir. 1993). Thus, even if, as Meyers argues, unauthorized possession of a firearm is a victimless crime, it is not overly harsh to imprison a person for this crime.

█ Moreover, while punishments must be somewhat proportional to the crime committed, strict proportionality between a punishment and a crime is not required. *See Ewing v. California*, 538 U.S. 11, 20, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003) (calling for a "narrow proportionality principle" in non-capital cases) (*citing Harmelin v. Michigan*, 501 U.S. 957, 996-7, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991)). Courts are to give substantial deference to the legislature's authority to determine the types and appropriate sentences for crimes. *See Atkins v. Virginia*, 536 U.S. 304, 312, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002) (noting that legislatures provide "the clearest and most objective evidence of contemporary values"). Generally, "once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Dorszynski v. United States*, 418 U.S. 424, 431, 94 S. Ct. 3042, 41 L. Ed. 2d 855 (1974); *see also Georges v. Gov't of the V.I.*, 119 F. Supp. 2d 514, 523 (D.V.I. App. Div. 2000) ("In general, the severity of a sentence is not reviewable so long as it falls within the statutory limits.").

█ Only where a challenger can show a procedural illegality, or an abuse of discretion during the sentence hearing, will a sentence within

the statutory limitations be overturned. *Hutto v Davis*, 454 U.S. 370, 374, 102 S. Ct. 703, 70 L. Ed. 2d 556 (1982); *see also Virgin Islands v. Richardson*, 498 F.2d 892, 894, 11 V.I. 213 (3d Cir. 1974) (noting that it would not examine a sentence that is within the statutory limitations, absent a showing of illegality or abuse of discretion manifested in the sentencing procedure); *Virgin Islands v. Martinez*, 42 V.I. 146, 150-51 (D.V.I. App. Div. 1999) (upholding a sentence for 75 years for second degree murder and ten years for possession of a firearm during a crime of violence because there were no procedural irregularities below).

■ Meyers has not pointed to any procedural illegalities in setting the sentence, or to any evidence suggesting this punishment is unconventional for this crime. Moreover, the three year sentence is within the statutory range of six months to five years. The trial court properly examined the circumstances of this crime, and committed no procedural error in sentencing Meyers. Accordingly, the trial court did [not] err in imposing Meyers' sentence.

## B. Meyers' Fine

Meyers also argues that the mandatory $15,000 fine violates the "Excessive Fine" clause of the Eighth Amendment. He argues that the trial court erred in applying the fine to him without first making a determination of his ability to pay. Meyers claims that he is now, and will continue to be, unable to pay the fine.

■ Like prison terms, fines are reviewed for proportionality under the Eighth Amendment. *See United States v. Bajakajian*, 524 U.S. 321, 334, 118 S. Ct. 2028, 141 L. Ed. 2d 314 (1998). Gross proportionality is not required, and determining the appropriate level of fines belongs "in the first instance to the legislature." *Id.* at 336; *see also United States v. Rackley*, No. 05-2052, 175 Fed. Appx. 564, 2006 U.S. App. LEXIS 9599 (3d Cir. April 17, 2006) (unpublished) (upholding a fine of $125,000 as not excessive for a bribery conviction because the fine was within the statutory maximum).

■ Meyers received a fine of $15,000. This fine was prescribed by statute. 14 V.I.C. § 2253(a). Because the fine is within the statutory limits for the crime Meyers was found guilty of, Meyers' challenge to its excessiveness must be rejected. *See Hunt v. Virgin Islands*, D.C. Crim. App. No. 2003-030, 2005 U.S. Dist. LEXIS 4164 at *15, 46 V.I. 534

(D.V.I. App. Div. 2005) (upholding a $15,000 fine for possession of a firearm as not excessive because it fell within the statutory guidelines).

Meyers also challenges the fine as it applies to him, because he claims he is unable to pay it. This challenge, however, is not yet ripe. A claim that a fine is unconstitutional as applied due to inability to pay only becomes colorable when the government seeks to enforce the fine. *See e.g., United States v. Wong*, 40 F.3d 1347, 1383 (2d Cir. 1994) ("It is clear that a fine may constitutionally be imposed upon an indigent defendant, who may assert his continuing indigence as a defense if the government subsequently seeks to collect the fine.") (citing *United States v. Torres*, 901 F.2d 205, 247-48 (2d Cir. 1990). There is no evidence that the government has sought to collect the fine imposed on Meyers.

Accordingly, the trial court did not err in applying the mandatory $15,000 fine.

## IV. CONCLUSION

Accordingly, for the reasons discussed above, this Court will affirm Meyers' sentence and fine. An appropriate order follows.